UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUADALUPE ARENA VARGAS, Individually and as Representative of the Estate of Martin Anastacio Reyes Osuna, Deceased, and as Next Friend of Zaid Martin Reyes Arenas, SYLVIA OZUNA GARCIA, and MARTIN REYES ADAME, <br><br>Plaintiffs, <br>v. <br><br>TRAYLOR BROTHERS, INC., et al., <br><br>Defendants. | § § § § § § § § CIVIL ACTION NO. H-09-2521 § § § § § § § § |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Remand (Doc. No. 9). Considering the parties' filings and the applicable law, the Court finds that the Motion should be denied.

### I. BACKGROUND

#### A. Factual Background[1]

The deceased, Martin Anastacio Reyes Osuna ("Mr. Reyes"), was a resident of Austin, Texas and was employed by Defendant JL Steel Reinforcing, LLC ("JL Steel"). In June of 2009, Mr. Reyes was working as part of a construction crew on a project in Louisiana. While suspended eighty feet in the air, the rebar cage upon which Mr. Reyes was working malfunctioned, causing him and a co-worker to fall to their deaths. Mr. Reyes is survived by his wife, Guadalupe Arenas Vargas, a Plaintiff in this case, and his son, Zaid Reyes Arenas.

---

[1] These facts were compiled from Plaintiff's Original Petition, (Doc. No. 1); Plaintiff's Motion (Doc. No. 9), and all responsive briefing.

Plaintiffs have brought this action for negligence and gross negligence, alleging that Defendants failed to enact and enforce the appropriate safety rules and regulations that would have prevented Mr. Reyes's death. Plaintiffs filed in the 281st Judicial District of Harris County, Texas. Defendants then timely removed the case to this Court on the basis of complete diversity of citizenship. Plaintiffs now move to remand.

### B.   Standard for Removal

The remand statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002). Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441(a), or, in other words, that the parties are completely diverse under 28 U.S.C. § 1332(a)(2).

### II.   CITIZENSHIP OF MR. REYES

Plaintiffs contend that removal of this suit was improper because Mr. Reyes was a citizen of Texas, rendering Plaintiff Guadalupe Vargas, as representative of his estate, a citizen of Texas for purposes of jurisdiction. *See* 28 U.S.C. § 1332(c)(2) (providing that

2

"the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"). Plaintiffs contend that Mr. Reyes was a Texas citizen because "he was a resident alien who intended to reside in Austin, Texas indefinitely," and as such he is not completely diverse from JL Steel, also a citizen of Texas for jurisdictional purposes. (Pl. Mot. at 2.) Without complete diversity, argue Plaintiffs, federal jurisdiction over this case is improper. Defendants maintain that Reyes was not a citizen of any State because he was not admitted to the United States for permanent residence.

For the purposes of jurisdiction, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled. 28 U.S.C. § 1332(a). When determining whether an individual has been admitted to the United States for permanent residence such that he or she is within the scope of this provision, courts look to the alien litigant's official immigration status. *Foy v. Schantz, Schatzman & Aaronson*, 108 F.3d 1347, 1348 (11th Cir. 1997); *see also Karazanos v. Madison Two Associates*, 147 F.3d 624, 627-28 (7th Cir. 1998); *Funygin v. Yukos Oil Co.*, 2005 WL 1840147, at *2 (S.D. Tex. July 28, 2005) (finding that Congress did not intend for federal courts to engage in a fact-intensive analysis to determine where an alien intended to reside, and instead looking only to the alien's official immigration status). Thus, only if Mr. Reyes attained lawful permanent resident status under federal immigration laws would he be deemed a citizen of a State for purposes of diversity.

Here, the Court finds no evidence that Mr. Reyes had attained such status. As evident from the identification card issued to him by the Mexican Consulate in Austin, Texas, Mr. Reyes was a Mexican citizen by birth. Although Plaintiffs allege that he was

residing in Texas at the time of his death, his place of residence is irrelevant to this Court's jurisdictional determination without additional evidence of Mr. Reyes's immigration status. The only such evidence now before the Court is the documentation presented to JL Steel as proof of Mr. Reyes's eligibility to work in this country. This documentation includes the identification card referenced above, and a social security card. (Doc. No. 13, Ex. 1.) Notably, a Permanent Resident Card, or Green Card, is not included among these work eligibility documents. Indeed, Plaintiffs do not argue that Mr. Reyes had in fact attained lawful permanent resident status in this country. Thus, further jurisdictional discovery is unwarranted.

This Court therefore finds that Plaintiff Guadalupe Vargas, as representative of Mr. Reyes's estate, is a Mexican citizen, that is, a citizen of a foreign state. The pleadings in this case indicate that all other Plaintiffs are also citizens of Mexico. (Def. Br., Doc. No. 1, ¶ 7.) Because the parties do not dispute that the amount in controversy in this case exceeds $75,000, this Court's jurisdiction is proper under 28 U.S.C. § 1332(a)(2).

### III. CONCLUSION

Plaintiffs' Motion for Remand (Doc. No. 9) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this ____ day of November, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE