IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, et al., | § | CIVIL ACTION NO. 4:09-CV-02521 |
| Plaintiffs, | § | |
| | § | |
| v. | § | JUDGE KEITH P. ELLISON |
| | § | |
| KIEWIT LOUISIANA CO., et al., | § | |
| Defendants. | § | JURY |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>BASED ON APPLICATION OF LOUISIANA LAW</u>**

**Table of Contents**

I.    SUMMARY ......................................................................................................................... 1

II.   INTRODUCTION .............................................................................................................. 2

III.  PROCEDURAL HISTORY ............................................................................................... 3

IV.   STATEMENT OF FACTS ................................................................................................. 5

V.    STANDARD OF REVIEW ................................................................................................ 6

VI.   ARGUMENT AND AUTHORITIES ................................................................................. 7

   A.   The "Most Significant Relationship" Test Applies to Plaintiffs' Tort Claims ................... 7
   B.   Restatement Section 145 Favors an Application of Louisiana Law ................................... 9
   C.   Restatement Section 6 Favors an Application of Louisiana Law ..................................... 11
   D.   Louisiana Beneficiary Rights Are Substantive Louisiana Law ........................................ 13
   E.   Sylvia Ozuna Garcia and Martin Reyes Adame, as parents of Martin Reyes, HaveNo
        Standing Under Louisiana Substantive Law .................................................................... 14

VII.  SUMMARY JUDGMENT EVIDENCE ............................................................................ 15

VIII. CONCLUSION ................................................................................................................ 16

**Cases**

*Black v. Toys R Us-Del., Inc.*, No. 08-3315, slip op. 2010 WL 4702344, (S.D.Tex. Nov. 10, 2010) ................................................................................................................................ 8, 9

*Branch v. Aetna Cas. & Sur. Co.,* 370 So.2d 1270 (La. App. 3rd Cir. 1979), *writ denied* 374 So.2d 660 (La. 1979) ............................................................................................................... 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................................. 6

*Craig v. Scandia, Inc.,* 634 So.2d 944 (La. App. 2 Cir. 1994) ................................................... 3, 14

*Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760 (S.D.Tex. 2007) ......... 13

*Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984) ......................................................... 7

*Falcon v. Town of Berwick*, 885 So.2d 1222, (La. App. 1 Cir. 2004) ......................................... 14

*Gaston v. B.F. Walker, Inc.,* 400 F.2d 671 (5th Cir.1968)............................................................ 13

*Gauthier v. Union Pac. R.R. Co.,* 644 F. Supp. 2d 824 (E.D.Tex. 2009) .............................. 12, 13

*Gutierrez v. Collins*, 583 S.W.2d 312 (Tex. 1979) ..................................................................... 7, 8

*Heiser v. Islamic Republic of Iran,* 466 F. Supp. 2d 229 (D.D.C. 2006)....................................... 3

*Huddy v. Fruehauf Corp.,* 953 F.2d 955 (5th Cir. 1992)................................................................ 9

*Hughes Wood Prod. v. Wagner*, 18 S.W.3d 202 (Tex. 2000).................................................... 4, 7

In *Beatty v. Isle of Capri Casino, Inc.*, 234 F. Supp. 2d 651 (E.D.Tex. 2002) ........................... 13

*In re Katrina Canal Breaches Litig.,* 495 F.3d 191 (5th Cir. 2007) .............................................. 6

*Jelec USA, Inc. v. Safety Controls, Inc.*, 498 F. Supp. 2d 945 (S.D.Tex. 2007).......................... 13

*Klaxon v. Stentor Elec. Co.,* 313 U.S. 487 (1941) ........................................................................ 6

*Perkins v. Dynasty Group Auto.,* No. 08-01-00493-CV, slip op. 2003 WL 22810452, (Tex. App.-El Paso Nov. 25, 2003) ........................................................................................................... 10

*Rosenberg v. Celotex Corp.,* 767 F.2d 197 (5th Cir. 1985) ........................................................... 6

*Scott v. Harris*, 550 U.S. 372 (2007) ............................................................................................. 6

*Torrington Co. v. Stutzman*, 46 S.W.3d 829 (Tex. 2000) .......................................................... 7, 8

*Total Oilfield Services, Inc. v. Garcia,* 711 S.W.2d 237 (Tex. 1986) ........................................... 8

*Wakefield v. Gov't Employees Ins. Co.,* 253 So.2d 667 (La. App. 4th Cir. 1971), *writ denied* 255 So.2d 771 (La. 1972) ............................................................................................................... 14

**Statutes**

Fed. R. Civ. P. 56(c)(2)...................................................................................................................... 6

LA. CIV. CODE. ANN art. 2315.1(A); 2315.2(A) .................................................................. 1, 3, 4

*LA. REV. STAT. § 23:1032* ............................................................................................................. 4

TEX. CIV. PRAC. & REM. CODE ANN. §71.004 .......................................................................... 3

TEX. CIV. PRAC. & REM. CODE ANN. §71.031(a)....................................................................... 8

**Treatises**

Restatement (Second) of Conflict of Laws §§ 6, 145 (1971) .................................................. 7, 8, 9

Defendants, Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc., a Joint Venture d/b/a Kiewit Massman Traylor Constructors ("KMTC"), Kiewit Louisiana Co. ("Kiewit"), Massman Construction Co. ("Massman"), and Traylor Bros., Inc. ("Traylor") (collectively "Defendants"), ask the Court to render partial summary judgment dismissing the claims of plaintiffs Sylvia Ozuna Garcia and Martin Reyes Adame, parents of the deceased, Martin Anastacio Reyes Osuna ("Martin Reyes"), as authorized by Federal Rule of Civil Procedure 56.

## I.    SUMMARY

Defendants' partial motion for summary judgment presents a choice of law question as to the application of Texas or Louisiana wrongful death and survivorship laws.  As Louisiana maintains the most significant relationship to the plaintiffs' tort causes of action, the application of Louisiana substantive law is appropriate.  Thus, based on Louisiana substantive law, plaintiffs Sylvia Ozuna Garcia and Martin Reyes Adame, parents of the deceased, must be dismissed, as they have no standing to bring wrongful death or survivorship claims under Louisiana law.[1] [2]

---

[1]  LSA-Civil Code Article 2315.1. Survival action. (emphasis added)
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them *if he left no spouse or child surviving*.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

[2]  LSA-Civil Code Article 2315.2.  Wrongful death action.  (emphasis added)
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them *if he left no spouse or child surviving*.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

## II.  INTRODUCTION

Plaintiffs' claims arise from a construction accident that occurred on June 12, 2009 in Bridge City, Louisiana.  On the date of the accident, Martin Reyes was working on a portion of the Huey P. Long Bridge Widening Project ("the Project") managed by KMTC as Contractor.[3] The Department of Transportation and Development ("DOTD") for the State of Louisiana authorized and contracted with KMTC for the bridge widening project and detailed the scope of the work pursuant to public bid.[4]  JL Steel Reinforcing, LLC ("JL Steel") executed a Subcontract with KMTC as the Contractor for the Project on June 18, 2008 in which JL Steel agreed to provide the labor necessary to pre-assemble, pre-tie and install all of the concrete reinforcing steel on the Project.  Moreover, Article 3 of the Subcontract, Additional Provisions, mandates that all of the provisions of the Prime Contract and addenda are made part of the Subcontract and JL Steel thereby agrees to be bound thereto.  *See* page 6 of JL Steel Subcontract attached as Exhibit "E".

Plaintiffs have brought negligence and res ipsa loquitor actions against Defendants for the death of Mr. Reyes.  Plaintiffs include the following: (1) Guadalupa Arenas Vargas, widow of Martin Reyes; (2) Zaid Martine Reyes Arenas Juana, son of Martin Reyes; and (3) Sylvia Ozuna Garcia and Martin Reyes Adame, parents of Martin Reyes.  *See* Plaintiffs' Second Amended Petition, ¶II, filed in Harris County District Court, attached as Exhibit "B"; *see also* Doc. No. 36, ¶10, Plaintiffs' First Amended Complaint.

Defendants' motion for partial summary judgment presents a choice of law question

---

[3] The "Notice to Proceed" and "Agreement" are a portion of the original contract documents for the Huey P. Long Bridge Widening Project, and it authorized KMTC to commence work on May 5, 2008 (Attached as Exhibit "A.")

[4] *Id.*

because the wrongful death and survivorship laws in Texas and Louisiana conflict in regards to whom may bring a claim.[5]  Defendants respectfully assert that Louisiana law must apply because Louisiana maintains the most significant relationship to the tort causes of action.  Accordingly, Defendants seek dismissal of Mr. Reyes' parents' claims, as the "surviving father and mother of the deceased" do not have standing to sue under Louisiana law. *See* LSA Civil Code Articles 2315.1(A)(2); 2315.2(A)(2); *see also Heiser v. Islamic Republic of Iran,* 466 F. Supp. 2d 229, 327 (D.D.C. 2006) (citing *Craig v. Scandia, Inc.,* 634 So.2d 944, 945 (La. App. 2 Cir. Mar 30, 1994) ("the right of action created by Article 2315 may be extended *only to the statutorily designated beneficiaries enumerated in the article and these classes of beneficiaries must be strictly construed.*") (emphasis in original).

## III.   PROCEDURAL HISTORY

On June 12, 2009, two employees of JL Steel were fatally injured due to a work-related construction accident in Bridge City, Louisiana.  The heirs of Martin Anastacio Reyes Osuna ("Reyes") filed suit on July 17, 2009 in Harris County District Court.  Subsequently, the case was removed to this Court.  The heirs of Ulvaldo Soto Martinez ("*Martinez*") filed suit on September 1, 2009 in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.[6]

---

[5] TEX. CIV. PRAC. & REM. CODE ANN. §71.004. Benefitting From and Bringing an Action. (emphasis added)
(a) An action to recover damages as provided by this subchapter is **for the exclusive benefit of the surviving spouse, children, and parents of the deceased**.
(b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
(c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

[6]  The original Petition for Damages filed by the Martinez heirs in the Louisiana case included the natural mother of

In both civil cases, Reyes and Martinez originally named JL Steel as a party defendant. However, based on its status as employer, JL Steel moved for summary judgment seeking dismissal based on the employer tort immunity provisions of the Louisiana Workers' Compensation Act. *La. R.S. 23:1032; et seq.* *See* Motion to Dismiss, Doc. No. 17; *see also* Motion for Summary Judgment filed in Martinez's Louisiana action, attached as Exhibit "C." The Reyes and Martinez plaintiffs did not oppose either motion and JL Steel was dismissed with prejudice from both cases pursuant to Unopposed Order in the instant matter and a Judgment on the Motion for Dismissal voluntarily filed by the Martinez plaintiffs in the Louisiana matter. *See* Unopposed Order, Doc. No. 18; *see also* plaintiffs' Motion for Dismissal and Judgment in the Louisiana action, attached as Exhibit "L".

This Court applied Louisiana substantive law to issue of workers' compensation tort-suit immunity pursuant to *Hughes Wood Products v. Wagner*, 18 S.W.3d 202 (Tex. 2000). Thus, the Restatement (Second) of Conflicts' "*most significant relationship*" test under Sections 6 and 145 applied, as well as, Section 184 as it articulated and applied "the principles of section 6 [of the *Restatement*] to the workers' compensation exclusive-remedy issue." *Id.* at 206. Therefore, Louisiana law governed and provided JL Steel employer immunity from suit and JL Steel was granted an unopposed dismissal from this case and a voluntary dismissal in the case pending in the Parish of East Baton Rouge, Louisiana.

---

Martinez, Maria Martinez Vasquez, as a plaintiff. When presented with the provisions of LSA Civil Code Articles 2315.1(A)(2); 2315.2(A)(2), the Martinez plaintiffs agreed to file a Motion to Amend and Supplement Original Petition for Damages that was granted by the Court in its Order of February 4, 2010. The Martinez plaintiffs then filed their First Supplemental and Amending Petition for Damages voluntarily dismissing Maria Martinez Vasquez as a party to the suit. *See* Motion to Amend and Supplement Original Petition for Damages with signed Order and First Supplemental and Amending Petition for Damages and Jury Demand of plaintiffs in the Louisiana action attached hereto *in globo* as Exhibit "M".

# IV.   STATEMENT OF FACTS

It is undisputed that JL Steel Reinforcing, LLC employed Reyes on June 12, 2009.  On February 14, 2011, Michael LaPointe was deposed as the owner of JL Steel, testifying to JL Steel's involvement in the Huey P. Long bridge project.  (Exhibit "D", Deposition of Mr. LaPointe, pp. 9, 17-20.)  Mr. LaPointe testified to the Subcontract between JL Steel and Defendants whereby JL Steel contracted to provide work on the Project in Bridge City, Louisiana as a subcontractor to KMTC.  *Id.*; *see also* JL Steel Subcontract attached as Exhibit "E".  Pursuant to the terms of the Prime Contract and Subcontract, JL Steel is performing work on the Project for five years, through 2013.  (Ex. "D", pp. 277-278.)  Mr. LaPointe also testified that JL Steel leases office space in Fort Worth, Texas and maintains a local Louisiana office near the Project.  (Ex. "D", p. 15.)

Defendant KMTC is a joint venture formed by Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc.  The Joint Venture was formed for the purpose of bidding and performing work on the Huey P. Long Bridge Widening project in Bridge City, Louisiana.  (KMTC Joint Venture Agreement attached as Exhibit "F".)  The Joint Venture Agreement provides that KMTC's principal office is located at the project site.  The project site address for KMTC is 910 Pontchartrain Road, Suite T, Jefferson, Louisiana 70121.  (Deposition of Cesar Velador Mojica, KMTC Craft Superintendent, attached as Exhibit "G", pp. 13, 24.)

The Joint Venture name and logo was registered as a service mark in Louisiana.  (KMTC Joint Venture Secretary of State filing attached as Exhibit "H".)  Pursuant to Louisiana Secretary of State Filings, the entities that make up KMTC are organized under laws other than Louisiana

and Texas and maintain principle places of business in states other than Louisiana or Texas.[7]

According to Plaintiffs' First Amended Complaint, all Plaintiffs are citizens of Mexico. Doc. No. 36, ¶1. In regards to Reyes, evidence demonstrates that he was not a citizen of Texas or any other state because he was not admitted to the United States for permanent residence. *See* Doc. No. 11, Defendants' Response to Plaintiffs' Motion to Remand.

Moreover, the Plaintiffs' have provided sworn responses to written discovery propounded by JL Steel and KMTC in the instant matter that confirms that all of the plaintiffs are citizens of Mexico and permanently reside in San Buenaventura, Coahuila, Mexico. The plaintiffs also provided copies of their birth certificates and marriage license from Mexico confirming their citizenship and family relationship to Reyes. *See* selected relevant discovery responses of Plaintiffs to Interrogatories and Requests for Production of Documents of JL Steel and KMTC attached hereto *in globo* as Exhibits "N" and "O", respectively.


## V.    STANDARD OF REVIEW

Summary judgment is proper in a case in which there is no genuine issue of material fact. Fed. R. Civ. P. 56(c)(2); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In diversity cases, federal courts must apply state substantive law. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 206 (5th Cir. 2007); *see also Rosenberg v. Celotex Corp.,* 767 F.2d 197, 199 (5th Cir. 1985). State substantive law includes a state's conflict of laws rules. *Rosenberg,* 767 F.2d at 199 (citing *Klaxon v. Stentor Electric Co.,* 313 U.S. 487 (1941)). Thus, the Second Restatement of Conflicts applies as Texas' choice of law rules. Restatement

---

[7] Secretary of State Filings for Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc. are attached as Exhibit "I".

(Second) of Conflict of Laws §§ 6, 145 (1971)[8].


## VI.    ARGUMENT AND AUTHORITIES

### A.    The "Most Significant Relationship" Test Applies to Plaintiffs' Tort Claims

"Which state's law governs an issue is a question of law for the court to decide." *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204 (Tex. 2000); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).   Texas applies the Restatement's "most significant relationship" test to decide choice of law issues.  *See Hughes*, 18 S.W.3d at 205; *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979).  The "most significant relationship" rule applies to all civil matters except those contract cases in which the parties have agreed to a valid choice of law clause.  *Duncan,* 665 S.W.2d at 421.

In tort cases, Texas courts follow the analysis in Restatement Sections 6 and 145.  *See* Restatement §§ 6, 145 (1971); *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000).  The Second Restatement "requires the court to consider which state's law has the most significant relationship *to the particular substantive issue to be resolved." Wagner,* 18 S.W.3d at 205 (emphasis in original) (internal citations omitted).

Restatement Section 145 instructs courts to consider the following "four contacts" in determining which state has the most significant relationship:

        (a)  the place where the injury occurred,

        (b)  the place where the conduct causing the injury occurred,

        (c)  the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

        (d)  the place where the relationship, if any, between the parties is centered.

---

[8] All references to the Restatement are to the Restatement (Second) of Conflict of Laws unless otherwise indicated.

*Torrington*, 46 S.W.3d at 848 (citing Restatement (Second) of Conflict of Laws § 145(2) (1971)); *see also Black v. Toys R Us-Del., Inc.*, No. 08-3315, slip op. 2010 WL 4702344, *8 (S.D. Tex. Nov. 10, 2010).

Restatement Section 6 contains the "general principles" to be considered when applying the four contacts to a given case. These general principles include:

> (a) the needs of the interstate and international systems,
>
> (b) the relevant policies of the forum,
>
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

*Torrington*, 46 S.W.3d at 848 (citing Restatement (Second) of Conflict of Laws § 6(2) (1971); *see Gutierrez,* 583 S.W.2d at 318-19)).

In addition to the Restatement, the Texas legislature has enacted legislation to govern choice of law in some respects. Section 71.031 of the Texas Civil Practice and Remedies Code provides for choice of law when an action is brought in Texas based on an act or omission occurring out of state. TEX. CIV. PRAC. & REM. CODE ANN. §71.031(a). Section 71.031 directs that "[t]he court shall apply the rules of substantive law that are appropriate under the facts of the case." *Id.* at §71.031(c). The Texas Supreme Court has interpreted this phrase to require a "most significant relationship" approach in a wrongful death action. *Total Oilfield Services, Inc. v. Garcia,* 711 S.W.2d 237, 239 (Tex. 1986); *Gutierrez v. Collins,* 583 S.W.2d 312, 317-18 n. 3

(Tex. 1979). Based on the foregoing, the most significant relationship test will determine whether Louisiana law or Texas law applies to determine the beneficiaries entitled to sue.

### B. Restatement Section 145 Favors an Application of Louisiana Law

The "four contacts" enumerated in Restatement Section 145 support an application of Louisiana's wrongful death and survivorship statutes because plaintiffs' tort claims arise solely from a work-related construction accident in Louisiana. Indeed, the Restatement places emphasis on the location of the tort injury so that the persons who caused the injury do not escape liabilities imposed by the local laws of the state. *See* Restatement § 145 cmt. e (1971); *see also Black*, No. 08-3315, slip op. 2010 WL 4702344 at *8 (citing *Huddy v. Fruehauf Corp.,* 953 F.2d 955, 957 (5th Cir.1992)).

Here, the evidence is that Bridge City, Louisiana was the place where the injury occurred and the place where the conduct causing the injury occurred. *See* Deposition of Angel Felipe Corona Rodriguez, JL Steel Foreman, attached as Exhibit "J", p. 17-20. Mr. Rodriguez testified that on June 12, 2009, the JL Steel crew, including Reyes, was erecting a rebar cage onto a cement column on the eastbound bridge of the Huey P. Long Bridge. *Id.* at p. 17-18. Accordingly, the testimony of individuals overseeing the work on the Huey P. Long Bridge proves that the injury occurred in Bridge City, Louisiana and the conduct causing the injury occurred in Bridge City, Louisiana. Thus, subsections (a) and (b) from Restatement Section 145 clearly favor an application of Louisiana law.

Moreover, Restatement Section 146 comments on a court's consideration of the place where the injury occurred and the place where the conduct causing the injury occurred, providing:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Perkins v. Dynasty Group Auto,* No. 08-01-00493-CV, slip op. 2003 WL 22810452, at *3 and *4 (Tex. App.-El Paso Nov. 25, 2003) (unpublished) (internal citation omitted). As such, this Court should give deference to the locality of the injury when determining the choice of law issue.

Subsection (c) from Restatement Section 145 addresses the domicile, residence, nationality, place of incorporation and place of business of the parties. While working on the Huey P. Long Bridge Widening Project, Reyes maintained a residence in Louisiana. Mr. Rodriguez testified that Reyes and his girlfriend were living with him and his wife in Louisiana. Ex. "J", Mr. Rodriguez's Deposition, Pages 54-55. Thus, Mr. Reyes residence at the time of his accident favors an application of Louisiana law. Additionally, the Joint Venture, KMTC, maintains a principal place of business at the project site in Louisiana. *See* Ex. "H". Therefore, an application of subsection (c) favors Louisiana law.

Subsection (d) from Restatement Section 145 considers the place where the relationship, if any, between the parties is centered. Here, Reyes' employment with JL Steel was centered in Bridge City, Louisiana. JL Steel entered into a Subcontract with KMTC agreeing to provide rebar work on the Project for five years, through 2013. *See* Ex. "D"&"E". As such, the employment relationship amongst the parties was centered in Louisiana. The parties were working for DOTD on a $1.2 billion project funded by Louisiana taxpayers. *See* Ex. "A".

Therefore, all four contacts outlined in Restatement Section 145 favor an application of Louisiana law as the place of injury, place of conduct, place of business, and place of day-to-day

relationship between the parties.

**C.      Restatement Section 6 Favors an Application of Louisiana Law**

Restatement Section 6 considers a state's policy interests in a choice of law analysis and overall uniformity in an application of choice of law principles.  In addition, Section 6 considers the "protection of justified expectations" and the "basic policies underlying the particular field of law."  Restatement §6(2)(d) and (e).  Here, the policy interests at play favor an application of Louisiana law because Texas has no overriding interest in applying Texas law to the facts before the Court.

Sylvia Ozuna Garcia and Martin Reyes Adame, as parents of Reyes, do not have an expectation that Texas law would provide them with standing to sue, as Reyes' parents are Mexican citizens living in Mexico.  Moreover, Texas has no overriding interest in providing Reyes' parents with standing to sue because they are not Texas citizens.  Thus, Texas as the forum state does not have a policy interest in providing Reyes' parents with a remedy for wrongful death and/or survivorship for an incident that occurred in Louisiana.

Comparatively, based on the facts here, there are no policy reasons favoring an application of Texas law to Reyes' parents' wrongful death and survivorship claims.  Reyes was living and working in Louisiana at the time of his injury.  Furthermore, since the June 12, 2009 incident all of the civil, law enforcement and administrative investigations by local, state and federal authorities have been conducted in Louisiana.  The investigating authorities include the Jefferson Parish Sheriff's Office ("JPSO") who performed the initial accident investigation as a first responder, and the accident investigation conducted by the U.S. Department of Labor Occupational Safety and Health Administration ("OSHA").  Witnesses have been interviewed

and deposed in Louisiana, and all accident site evidence has been preserved in Louisiana in accordance with the Evidence and Site Control Agreement. *See* OSHA and KMTC Evidence and Site Control Agreement of June 15, 2009 attached as Exhibit "K".

Moreover, the State of Louisiana has been involved in the investigation, as the Project is a state-funded construction project that requires eighty percent (80%) of JL Steel's workforce employed on the Project to be Louisiana residents. *See* page 7 of Exhibit "E" attached hereto.

The policy interests related to wrongful death and survivorship claims focus on the location of the injury. Thus, from a predictability standpoint, an application of Louisiana law is justified based on the facts before the Court. *See Gauthier v. Union Pac. R.R. Co.,* 644 F.Supp.2d 824 (E.D.Tex. 2009). In *Gauthier*, plaintiffs sued for wrongful death, negligence and gross negligence after an Amtrak train traveling on a Union Pacific track struck Larry Gauthier's vehicle at the "Eddy Street crossing" in Vinton, Louisiana. *Id.* at 829-30. After applying the "most significant relationship" factors to the facts and determining that Louisiana law applied, the *Gauthier* Court noted, "All key elements of the Plaintiffs' allegations center around the Eddy Street crossing." *Id.* at 840. Further, the Court stated, "the City of Vinton's involvement with the Eddy Street crossing and Union Pacific's history with the Eddy Street crossing (which the Plaintiffs emphasize as part of their case), put the crossing, located in Louisiana, at the center of the case." *Id.* Thus, the *Gauthier* Court determined that the only relationship the case had with Texas was the fact that Union Pacific conducted business in Texas and a number their employees were reportedly located in Texas. *Id.*

Likewise, here, all key elements of the plaintiffs' allegations revolve around the construction site in Bridge City, Louisiana. The only relationship to Texas is the fact that Reyes' employer, JL Steel, maintains an office in Texas. However, JL Steel also maintains an office in

12

Louisiana and currently has other ongoing construction projects as a subcontractor for Kiewit in Louisiana. (Ex. "D", p. 15, 278.) Further, JL Steel is no longer a defendant because plaintiffs' exclusive remedy against his employer is workers' compensation.

Accordingly, Louisiana has the "most significant relationship" to the incident and claims. *See Gauthier,* 644 F.Supp.2d at 839-40 (concluding that Louisiana had the most significant relationship to the case under a Texas choice of law analysis); *Deep Marine Tech., Inc. v. Conmaco/Rector, L.P.*, 515 F. Supp. 2d 760, 772 (S.D.Tex. 2007) (finding that Texas has a prevailing interest in punishing wrongdoers who perpetrate frauds in Texas and against Texas citizens; thus, focusing on the location of the wrong); *Jelec USA, Inc. v. Safety Controls, Inc.*, 498 F. Supp. 2d 945, 953 (S.D.Tex. 2007) (determining that two of the four contact factors weigh in favor of Texas law and two weigh in favor of Louisiana law, but holding that Texas law applied because the alleged injuries and conduct relevant to the case occurred in Texas).

### D. Louisiana Beneficiary Rights Are Substantive Louisiana Law

When the beneficiary provision in a statute creates standing to sue, the provision is itself an integral part of the statute creating the cause of action. Thus, the beneficiary rights are substantive law. In *Beatty v. Isle of Capri Casino, Inc.*, the Eastern District considered whether a Texas or Louisiana limitations period applied to a plaintiff's slip and fall in Lake Charles, Louisiana. 234 F. Supp. 2d 651 (E.D.Tex. 2002). When considering whether the Louisiana presciption period was substantive, the *Beatty* Court cited to *Gaston v. B.F. Walker, Inc.*, quoting: "although statutes of limitations are generally characterized as procedural, they are classified as substantive when the limitation provision is itself an integral part of the statute creating the cause of action." *Id.* at 657 (citing *Gaston v. B.F. Walker, Inc.,* 400 F.2d 671, 672

(5th Cir. 1968).

      **E.**       **Sylvia Ozuna Garcia and Martin Reyes Adame, as parents of Martin Reyes, Have No Standing under Louisiana Substantive Law**

According to Louisiana law, the right of action created by the wrongful death statute may be extended "only to statutorily designated beneficiaries enumerated therein and these classes of beneficiaries must be strictly construed." *Craig v. Scandia, Inc.,* 634 So.2d 944, 945 (La. App. 2 Cir. 1994); *Wakefield v. Gov't Employees Ins. Co.,* 253 So.2d 667 (La. App. 4th Cir. 1971), *writ denied,* 255 So.2d 771, 260 La. 286 (La. 1972).

In addition, the legislative intent in Louisiana was to limit the number of claimants entitled to bring a wrongful death claim and/or survivorship claim:

> The Legislature and courts of Louisiana have never at any time recognized principle that every loss of a personal relationship, resulting from a delict, is compensable, and LSA-Const. Art. 1, § 22, which provides that all courts shall be open, and every person shall have an adequate remedy by due process and justice, administered without denial or partiality, for injury to him in his person, property, reputation, or other rights, could not be construed so broadly as to defeat sound policy implemented by mutually exclusive categories of survivors, which was set forth in provisions of this article specifically providing for recovery for wrongful death damages and which excluded many who would otherwise have had valid claims.

*Branch v. Aetna Cas. & Sur. Co.,* 370 So.2d 1270, 1272 (La. App. 3rd Cir. 1979), *writ denied* 374 So.2d 660 (La. 1979).

In accordance with Louisiana substantive law, "If tort victim is survived by spouse or child, parents of tort victim have no right to recover for damages sustained by victim, or for their own damages for victim's wrongful death." *Falcon v. Town of Berwick*, 885 So.2d 1222, (La. App. 1 Cir. 2004).  Here, Guadalupa Arenas Vargas, widow of Reyes, and Zaid Martine Reyes

14

Arenas Juana, son of Reyes, both survived the death of Reyes. Therefore, Sylvia Ozuna Garcia and Martin Reyes Adame, parents of Martin Reyes, should be dismissed from the case because they do not have standing under Louisiana law.

## VII.   SUMMARY JUDGMENT EVIDENCE

In support of its motion, Defendants include evidence in the attached appendix, which is incorporated by reference into the motion. The motion for summary judgment is based on the following evidence:

| | |
|---|---|
| Exhibit A. | "Notice to Proceed" to KMTC JV on May 8, 2008 and pages 1 – 5 of the "Agreement" for the Project |
| Exhibit B. | Plaintiffs' Second Amended Petition, filed in Harris County District Court |
| Exhibit C. | Motion for Summary Judgment filed in Martinez's Louisiana action |
| Exhibit D. | Deposition of Michael La Pointe, President of JL Steel (PP. 9, 15, 17-20, 277-278) dated February 14, 2011 |
| Exhibit E. | JL Steel Subcontract |
| Exhibit F. | KMTC Joint Venture Agreement |
| Exhibit G. | Deposition of Cesar Velador Mojica, KMTC Craft Superintendent (PP. 13, 24) dated February 17, 2011 |
| Exhibit H. | KMTC Joint Venture Secretary of State Filings |
| Exhibit I. | Secretary of State Filings for Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc. corporate members of KMTC |
| Exhibit J. | Deposition of Angel Felipe Corona Rodriguez, JL Steel Foreman (PP. 17-20, 54-55) dated December 15, 2010 |
| Exhibit K. | OSHA and KMTC Evidence and Site Control Agreement of June 15, 2009 |
| Exhibit L. | Plaintiffs' Motion for Dismissal and Judgment in Martinez's Louisiana action |
| Exhibit M. | Plaintiffs' Motion to Amend and Supplement Original Petition for Damages with signed Order and First Supplemental and Amending Petition for Damages and Jury Demand of plaintiffs in Martinez's Louisiana action |

Exhibit N.    Plaintiffs' sworn discovery responses to Interrogatories and Requests for Production of Documents of JL Steel

Exhibit O.    Plaintiffs' sworn discovery responses to Interrogatories and Requests for Production of Documents of KMTC

## VIII.  CONCLUSION

For these reasons, Defendants ask the Court to grant this motion and render a partial summary judgment dismissing Sylvia Ozuna Garcia and Martin Reyes Adame, parents of Martin Reyes, from the case based on the application of Louisiana law.

Dated: May 11, 2011

By:    /s/ *David S. Bland*
David S. Bland
Attorney-in-Charge
Texas Bar No. 00789021
So. Dist. of Texas Bar No. 32550
LeBlanc Bland P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

OF COUNSEL:
Beau E. LeBlanc
Texas Bar No. 24052964
Charles G. Clayton, IV
LA Bar No. 25368
LeBlanc Bland P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: (504) 528-3088
Facsimile: (504) 586-3419
and
C. Lee Winkelman
Texas Bar No. 24042176
So. Dist. Of Texas Bar No. 584631
LeBlanc Bland P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

**Attorneys for Defendants, Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc., a Joint Venture, d/b/a Kiewit Massman Traylor Constructors; Kiewit Louisiana Co., Massman Construction Co., and Traylor Brothers, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 11, 2011, a true and correct copy of this document was served on

the following counsel of record by U.S. Mail or the Court's electronic filing system:

Anthony G. Buzbee
The BUZBEE Law Firm
JP Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002

Ricardo A. Garcia
Garcia & Karam L.L.P.
820 South Main
McAllen, Texas 78501

Carlos Solis
Solis & Smith P.C.
1925 N. New Braunfels
San Antonio, Texas 78208

    /s/ *David S. Bland*