CAUSE NO. 2009-38365

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, Individually and As Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and As Next Friend of ZAID MARTIN REYES ARENAS | § § § § § § | IN DISTRICT COURT OF |
| | | HARRIS COUNTY, TEXAS |
| V. | § § § § | |
| | | 281st JUDICIAL DISTRICT |
| TRAYLOR BROTHERS, INC., IHI, INC., MASSMAN CONSTRUCTION CO. & JL STEEL REINFORCING, LLC | § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW GUADALUPA ARENAS VARGAS, Individually, and as Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and as Next Friend of ZAID MARTINE REYES ARENAS JUANA SYLVIA OZUNA GARCIA, AND MARTIN REYES ADAME, Plaintiffs, complaining of TRAYLOR BROTHERS, INC., IHI, INC., MASSMAN CONSTRUCTION CO., JL STEEL REINFORCING, LLC, KIEWIT CORPORATION, KIEWIT CONSTRUCTION CO., KIEWIT LOUSIANA CO., KIEWIT TEXAS CO., KIEWIT TEXAS CONSTRUCTION L.P., and the joint venture entity known as KIEWIT MASSMAN TRAYLOR CONSTRUCTORS, Defendants, and for cause would show as follows:

I.

The deceased, Martin Anastacio Reyes Osuna ("Mr. Reyes"), was a resident of Austin, Texas and was employed by Defendant JL Steel Reinforcing, LLC. On June 12, 2009, Mr. Reyes was working as part of a construction crew on a project to widen the Huey P. Long Bridge in Bridge City, Louisiana. The bridge project was a joint venture amongst Defendants Kiewit Texas



Co., Kiewit Construction Co., Kiewit Louisiana Co., Kiewit Texas Construction, LP, Traylor Brothers, Inc., IHI, Inc. and Massman Construction Co. While working at approximately eighty feet in the air, the rebar cage upon which Mr. Reyes was working gave way, causing him and a co-worker to fall to their deaths. Mr. Reyes is survived by his wife, Guadalupe Arenas Vargas, and his son, Zaid Martin Reyes Arenas.

## II.

Plaintiff GUADALUPA ARENAS VARGAS is the widow of Martin Reyes. She brings this case individually and as representative of the estate of her husband Martin Reyes. She also brings this case as next friend of her minor child, ZAID MARTINE REYES ARENAS JUANA—son of the deceased, Martin Reyes.

Plaintiffs SYLVIA OZUNA GARCIA and MARTIN REYES ADAME are the parents of the deceased, Martin Reyes.

Defendant TRAYLOR BROTHERS, INC. is a foreign corporation doing business in the State of Texas. This Defendant has previously been served but has not yet filed an answer.

Defendant IHI, Inc. is a foreign corporation doing business in the State of Texas. This Defendant has previously been served but has not yet filed an answer.

Defendant MASSMAN CONSTRUCTION CO. is a foreign corporation doing business in the State of Texas. This Defendant has previously been served but has not yet filed an answer.

Defendant JL STEEL REINFORCING is a domestic corporation, doing business in the State of Texas, with its principal place of business in Fort Worth, Texas. This Defendant has previously been served but has not yet filed an answer.

Defendant KIEWIT CORPORATION is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

Defendant KIEWIT CONSTRUCTION CO. is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

Defendant KIEWIT LOUSIANA CO. is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

Defendant KIEWIT TEXAS CO. is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: CT Corporation System, 350 N St Paul Street, Dallas, TX 75201.

Defendant KIEWIT TEXAS CONSTRUCTION L.P. is a domestic limited partnership doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: CT Corporation System, 350 N St Paul Street, Dallas, TX 75201.

Defendant, KIEWIT SOUTHERN CO. is a foreign corporation doing business in the State of Texas. This Defendant may be served with process by serving its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Defendant TRAYLOR BROS., INC., KIEWIT SOUTHERN CO., & MASSMAN CONSTRUCTION CO., is a trade name and/or joint venture between TRAYLOR BROTHERS, INC., KIEWIT SOUTHERN CO., & and/or MASSMAN CONSTRUCTION CO., and may be

served with process by serving its registered agent: National Registered Agents, Inc., 1011 N. Causeway Blvd., S. Mandeville, LA 70471.

Defendant KIEWIT MASSMAN TRAYLOR CONSTRUCTORS is a trade name and/or joint venture between KIEWIT CORPORATION, KIEWIT CONSTRUCTION CO., KIEWIT TEXAS CO., KIEWIT TEXAS CONSTRUCTION, LP, KIEWIT LOUSIANA CO, and/or MASSMAN CONSTRUCTION CO., and TRAYLOR BROTHERS, INC. and may be served with process by serving their registered agents: CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 and National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062, respectively.

### III.

Venue is proper in this county pursuant to Section 15.002(a)(3) of the Texas Civil Practices and Remedies Code, in that Defendant Traylor Brothers, Inc.'s principal office in this state is in Harris County. All Defendants are subject to personal jurisdiction in Texas in that all do business in Texas and maintain registered agents here. Plaintiffs seek damages that exceed the jurisdictional limits of this Court. The Deceased was a resident alien who intended to reside in Austin, Texas indefinitely. Both the Deceased and Defendant JL Steel Reinforcing, LLC reside in Texas, thus removal is improper.

### IV.

This suit is brought as a result of a tragic and wholly unnecessary fatal accident that occurred in Bridge City, Louisiana while the deceased, Martin Reyes, was employed by Defendant JL Steel Reinforcing, LLC on a bridge project managed by a joint venture of Defendants Traylor Brothers, Inc., Massman Construction Co., and IHI, Inc. On June 12, 2009,

the negligence and gross negligence of Defendants, acting by and through their agents and vice principals, caused the injury and death of Martin Reyes.

Said event was proximately caused by the negligence and gross negligence of Defendants in failing to enact and enforce appropriate safety rules and regulations that would have prevented said occurrence, by, among others:

- Failing to ensure that proper equipment was available;
- Failing to ensure safe work practices were in place;
- Failing to ensure workers were properly trained;
- Failing to ensure that fall protection was available;
- Failing to ensure that fall protection was used;
- Failing to ensure that the project was properly performed;
- Failing to ensure that the project was properly supervised;
- Failing to use safe work practices;
- Failing to ensure that the rebar cage being put into place was properly stabilized and secured;
- Failing to properly train and staff members working on the project;
- Improperly rushing employees and contractors from the other joint venture partners; and
- Ordering employees and contractors from the other joint venture partners to perform unsafe acts.

V.

Plaintiffs would show that the conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendants, and/or their agents, servants, and employees. Plaintiffs would further show that the character of the event causing Plaintiffs' injuries and damages would not ordinarily occur in the absence of negligence

5

and, under these circumstances, the Defendants' negligence may be inferred under the Doctrine of *Res Ipsa Loquitur* as that doctrine is understood by law.

## VI.

Defendants are legally responsible to Plaintiffs for the negligent conduct of Defendants' employees, agents, servants and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, Defendants are vicariously liable for all negligence of their employees, agents, servants and representatives.

## VII.

Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of the occurrence and of Plaintiffs' injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Plaintiffs therefore ask for and are entitled to punitive and exemplary damages in addition to all actual damages.

## VIII.

As a result of this tragic and wholly unnecessary loss, Plaintiffs claim for all damages recognizable by law for wrongful death, including, but not limited to, past and future medical treatment, pain, suffering, mental anguish, loss of affection, society, guidance, counseling, earnings, earning capacity, consortium, and enjoyment of life. Plaintiffs also seek all damages recoverable under applicable law for a survival claim.

Because of the catastrophic injuries sustained by Plaintiffs, they have suffered a loss of consortium, and all factors considered therein by law, and as a result of this incident as

proximately caused by Defendants, have personally suffered a loss of the services that would have been performed by the deceased as well as to the household and family, for which they are entitled to recover compensation. Plaintiffs seek all damages available for claims brought for gross negligence in the event of death, and all damages available under applicable law for wrongful death.

## IX.

Plaintiffs assert that they are entitled to damages in excess of the minimum jurisdictional amount of this Honorable Court.

## XIV.

Plaintiffs specifically plead for prejudgment interest and post-judgment interest at the maximum legal rate.

## XV.

Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

1. That Defendants be cited to appear and answer herein;
2. That Plaintiffs recover actual and exemplary damages in excess of the minimum jurisdictional amount of this Court;
3. That the Plaintiffs have their cost, prejudgment interest at the maximum legal rate and post-judgment interest at the maximum legal rate;
4. That Plaintiffs have trial by jury; and,
5. That Plaintiffs have whatever other and further relief at law or in equity to which they may show themselves justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By:     /s/ Anthony G. Buzbee
    Anthony G. Buzbee
    State Bar No. 24001820
    Sean E. O'Rourke
    State Bar No. 24046547
    JP Morgan Chase Tower
    600 Travis, Suite 7300
    Houston, Texas 77002
    Telephone: 713-223-5393
    Facsimile: 713-223-5909
    www.txattorneys.com

AND

## SOLIS & SMITH, P.C.

Carlos Solis
State Bar No. 24002972
Paul Smith
State Bar No. 24015025
1925 North New Braunfels
San Antonio, TX 78208
Telephone: 210-223-5000
Facsimile: 210-223-5007

## The Law Office of Garcia & Karam, L.L.P.

Ricardo Garcia
State Bar No.: 07643200
Aizar Karam
State Bar No.: 00796860
820 South Main, McAllen, Texas 78501
Telephone: 956-630-2882
Facsimile: 956-6305393

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on this July 16, 2009, as set forth below:

William R. (Butch) Korb, Jr.
Bourland, Wall & Wenzel, P.C.
301 Commerce Street, Ste. 1500
Fort Worth, Texas 76102-4115

David S. Bland
LeBlanc Bland PLLC
1717 St. James Place, Ste. 360
Houston, Texas 77056

Juan Hernandez
Crane & Hernandez, P.C.
8111 LBJ Freeway, Suite #1065
Dallas, Texas 75251

Peter J. Bambace
Holm, Bambace & McCabe, LLP
1010 Lamar, Ste. 1100
Houston, Texas 77002

Steve M. Sikich
The Sikich Law Firm
Post Office Box 1432
Lake Charles, Louisiana 70602

/s/ Anthony G. Buzbee
Anthony G. Buzbee