COST OK Amt. 50
FEB 03 2010   V #6911
BY _____ mk
DY CLERK OF COURT

## CIVIL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

NO.: C582129　　　　　　　　　　　　　　　　　　　　DIVISION "D"

MARIA CRUZ MALDONADO, Individually and as representative of the ESTATE OF ULVALDO SOTO MARTINEZ, DECEASED, and as Next Friend and Natural Guardian of JUSTIN SOTO-MALDONADO AND USVALDO JESUS SOTO-MALDONADO, MINORS, AND GILBERTO SOTO MARTINEZ

### VERSUS

KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV, GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, PB AMERICAS, INC. F/K/A PARSONS, BRINCKERHOFF, QUADE & DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, LPA GROUP INCORPORATED AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, G.E.C. INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, ZURICH AMERICAN INSURANCE COMPANY, THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT AND JL STEEL REINFORCING, LLC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION TO AMEND AND SUPPLEMENT ORIGINAL PETITION FOR DAMAGES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### 1. INTRODUCTION

NOW INTO COURT, COMES MARIA CRUZ MALDONADO, of full age of majority and domiciled in Dallas, Texas, for herself and on behalf of the Estate of ULVALDO SOTO MARTINEZ, Deceased, and on behalf of her minor children, JUSTIN SOTO-MALDONADO and USVALDO JESUS SOTO MALDONADO, and GILBERTO SOTO MARTINEZ, the brother of Ulvaldo Soto Martinez, all of whom seek monetary damages arising out of the fatal injuries suffered by ULVALDO SOTO MARTINEZ at a construction project on June 12th, 2009, and respectfully ask this Court to allow them to amend and supplement their original Petition for Damages.

This case is not currently set for trial and the granting of the motion would not create a hardship on any party.

REC'D C.P.

FEB 04 2010


EXHIBIT
m

## 2. DEFENDANT REQUESTS

Upon filing of Plaintiffs' Petition for Damages, certain defendants communicated concerns with the Pleading. Plaintiffs have amended the Petition to dismiss certain defendants and dismiss the claims of one initially named plaintiff. Plaintiffs are in the process of establishing a tutorship for the minor Plaintiffs.

With the exception of a pending establishment of a tutorship for the minor Plaintiffs, the Petition as amended is acceptable to the attorneys for the Defendants that have appeared and voiced concerns. With the exception of the pending establishment of a tutorship, appearing Defendants are not opposed to the filing of the Amended Petition attached as Exhibit "A".

## 3. PRAYER

**WHEREFORE**, Plaintiffs respectfully request that the Court enter the attached Order allowing the filing of Plaintiffs' First Supplemental and Amending Petition attached hereto as Exhibit "A". Plaintiffs further request that Plaintiffs' First Supplemental and Amending Petition be allowed to replace the Original Petition for Damages in its entirety.

Respectfully submitted,

_/s/ Steve M. Sikich_
STEVE M. SIKICH (#18026)
The Sikich Law Firm
309 E. Sallier Street, Suite B * 70601
Post Office Box 1432 * 70602
Lake Charles, Louisiana
PH: (337) 721-8008
FX: (337) 721-8006

Juan C. Hernandez
Texas Bar Number 24002270
8111 LBJ Freeway, Suite 1065
Dallas, Texas 75251
(972) 235-4444
(972) 235-4454 Facsimile
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on ___February 3rd___, 2010, a true and correct copy of the foregoing document was sent to all attorneys of record via fax and e-mail.\

_/s/ Steve M. Sikich_
STEVE M. SIKICH

# 19th JUDICIAL DISTRICT COURT

# PARISH OF EAST BATON ROUGE

# STATE OF LOUISIANA

NO.: C582129                                        DIVISION "D"

MARIA CRUZ MALDONADO, Individually and as representative of the ESTATE OF ULVALDO SOTO MARTINEZ, DECEASED, and as Next Friend and Natural Guardian of JUSTIN SOTO-MALDONADO AND USVALDO JESUS SOTO-MALDONADO, MINORS, AND GILBERTO SOTO MARTINEZ

VERSUS

KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV, GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, PB AMERICAS, INC. F/K/A/ PARSONS, BRINCKERHOFF, QUADE & DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, LPA GROUP INCORPORATED AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, G.E.C. INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, ZURICH AMERICAN INSURANCE COMPANY, THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT AND JL STEEL REINFORCING, LLC.

*************************************************************

# ORDER

*************************************************************

After considering the Motion to Amend and Supplement Original Petition for Damages and after reviewing Plaintiffs' First Supplemental and Amending Petition for Damages for Wrongful Death and Survival Damages and Jury Demand attached as Exhibit "A",

IT IS ORDERED, ADJUDGED AND DECREED that said Motion is GRANTED and that Plaintiff's are hereby allowed to file their First Supplemental and Amending Petition for Damages for Wrongful Death and Survival Damages and Jury Demand, attached hereto as Exhibit "A," and which replaces the original petition in its entirety.

Signed this ___4th___ day of ___Feb___, 2010.

_____
THE HONORABLE JANICE CLARK
Judge, 19th Judicial District Court

CERTIFIED TRUE COPY
FEB 09 2010
BY _____ DEPUTY CLERK

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.: C582129                                          DIVISION "D"

MARIA CRUZ MALDONADO, Individually and as representative of the ESTATE OF ULVALDO SOTO MARTINEZ, DECEASED, and as Next Friend and Natural Guardian of JUSTIN SOTO-MALDONADO AND USVALDO JESUS SOTO-MALDONADO, MINORS, AND GILBERTO SOTO MARTINEZ

VERSUS

KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV, GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, PB AMERICAS, INC. F/K/A/ PARSONS, BRINCKERHOFF, QUADE & DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, LPA GROUP INCORPORATED AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, G.E.C. INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, ZURICH AMERICAN INSURANCE COMPANY, THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT AND JL STEEL REINFORCING, LLC.

FILED: _____          _____
                                                   DEPUTY CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES AND JURY DEMAND

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT, COMES MARIA CRUZ MALDONADO, of full age of majority and domiciled in Dallas, Texas, for herself and on behalf of the Estate of ULVALDO SOTO MARTINEZ, Deceased, and on behalf of their minor children, JUSTIN SOTO-MALDONADO and USVALDO JESUS SOTO MALDONADO[1], and GILBERTO SOTO MARTINEZ, the brother of Ulvaldo Soto Martinez, all of whom seek monetary damages arising out of the fatal injuries suffered by ULVALDO SOTO MARTINEZ at a construction project on June 12th, 2009, and shows as follows:

---

[1] MARIA CRUZ MALDONADO is the widow of the deceased ULVALDO SOTO MARTINEZ and the biological mother of his only children, JUSTIN SOTO-MALDONADO and USVALDO JESUS SOTO MALDONADO, and pursuant to the Code of Civ Pro Art. 4061.1, notwithstanding Article 4061, MARIA CRUZ MALDONADO as the natural tutor of the minors is hereby filing this action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031 because MARIA CRUZ MALDONADO is the surviving parent of the minor children.

1.

The following parties are made defendants herein and are joint, several and in solido obligors, who are liable unto Maria Cruz Maldonado (hereinafter referred to as "Mrs. Maldonado"), individually and on behalf of her two minor children, Justin Soto-Maldonado, Usvaldo Jesus Soto-Maldonado, and Gilberto Soto Martinez, for the reasons stated herein:

A) KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV, A Partnership chartered in Louisiana, domiciled in Delaware with its principal place of business in Nebraska is hereinafter referred to as "KMTC JV". KMTC JV has been duly served and is expected to file an appearance in this cause;

B) GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, licensed and doing business in the State of Louisiana; hereinafter referred to as "GEC JV";

C) PB AMERICAS, INC. F/K/A/ PARSONS, BRINCKERHOFF, QUADE & DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS JV, a licensed corporation in the State of New York and doing business in the State of Louisiana; hereinafter referred to as "GEC JV";

D) LPA GROUP INCORPORATED AS PARTNER OF GEC LOUISIANA TIMED MANAGERS JV, a corporation licensed in the State of South Carolina and doing business in the State of Louisiana; hereinafter referred to as "GEC JV";

E) G.E.C. INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS JV, a licensed corporation and doing business in the State of Louisiana; hereinafter referred to as "GEC JV";

F) ZURICH AMERICAN INSURANCE COMPANY, a foreign insurance company; hereinafter referred to as "Zurich";

G) THE STATE OF LOUISIANA THROUGH THE DEPARTMENT

OF TRANSPORTATION AND DEVELOPMENT; hereinafter referred to as "LDOTD"; and

H) JL STEEL REINFORCING, LLC, a Limited Liability Company, licensed to do and doing business in the State of Louisiana, hereinafter referred to as "JL STEEL";

Without prejudice, Petitioners are at this time dismissing their claims against several of the KMTC JV associated entities and are narrowing the KMTC JV Defendants to the one described herein above. Additionally, one of the original petitioners, **MARIA MARTINEZ VASQUEZ**, as Natural Mother of **ULVALDO SOTO MARTINEZ**, is no longer a party in this civil action. The dismissed entities are:

A) **TRAYLOR BROS., INC., KIEWIT SOUTHERN CO., & MASSMAN CONSTRUCTION CO., A JOINT VENTURE,** a Joint Venture Partnership licensed in the State of Indiana and doing business in the State of Louisiana; hereinafter referred to as "KMTC JV";

B) **TRAYLOR BROS., INC. AS A GENERAL PARTNER OF KMTC JV,** a corporation licensed in the State of Indiana and doing business in the State of Louisiana; hereinafter referred to as "KMTC JV";

C) **KIEWIT SOUTHERN CORP. AS A PARTNER OF KMTC JV,** a corporation licensed in the State of Delaware and doing business in the State of Louisiana; hereinafter referred to as "KMTC JV";

D) **MASSMAN CONSTRUCTION CO. AS A PARTNER OF KMTC JV;** a corporation licensed in the State of Missouri and doing business in the State of Louisiana; hereinafter referred to as "KMTC JV";

2.

Plaintiff Ulvaldo, Sammy Vasquez and Martin Reyes, were co workers and employees of JL STEEL defendant which is a steel erection company out of Fort Worth Texas.

3.

On or about the 12th day of June 2009, Plaintiff Ulvaldo was working with co-workers Vasquez and Reyes on top of a pier. The job site was the location of the fourth phase of the Huey P. Long Bridge Widening Project located at 3225 River Road in Bridge City, LA. on the west bank of the Mississippi River.

4.

On the date of the incident, a crane was being used by employees from Defendant KMTC JV to place a 60 foot rebar cage in position on top of the concrete pier the JL STEEL workers were on. As the JL STEEL employees were in place on top of the pier the KMTC JV employee on the crane raised up the rebar cage. The rebar cage was placed on top of a concrete pier standing approximately 70 feet in the air. The KMTC JV employee drove the crane up to the pier and the rebar cage was set in place with the assistance of the three JL STEEL employees. After the rebar cage was placed down in the holes on the top of the pier the JL STEEL employees tied the rebar of the cage together with the rebar coming up from the pier.

5.

Upon completing the tie in, the three JL STEEL employees sat down at the wooden framing on top of the concrete pier and waited for instructions on when to move forward with the job. The KMTC JV employees and the GEC JV defendant employees made the decisions of when and how the job was to be completed.

6.

Angel Rodriquez who while in the course and scope of his employment for Defendant JL STEEL was the individual who managed and supervised all of the employees of JL STEEL at this location. Angel was standing on the ground next to Gilberto Soto, who is Ulvaldo's brother. Gilberto is also a co worker at JL STEEL. In the minutes before this tragic accident Gilberto heard Angel getting directions from someone on his cellular telephone. Gilberto then heard Angel call Reyes' cellular telephone and tell him and the others to go climb up the rebar cage to release the crane. JL Steel and its employee, Angel, knew that the resulting death or serious injury was certain to follow by ordering the men to the top of the cage to disengage the crane prematurely. JL Steel and its employee, Angel, knew the consequences that were reasonably certain to follow when they ordered Plaintiff to climb the cage and prematurely disengage the crane. JL Steel and its employee, Angel, believed that the resulting death or serious injury was substantially certain to follow by ordering plaintiff to the top of the cage to disengage the crane prematurely. JL Steel and its employee, Angel, knew that the resulting death or serious injury were certain or substantially certain to follow by their actions of ordering the men to the top of the cage to prematurely disengage the crane.

7.

Once the three workers had completed their climb to the top of the pier Angel

made another call to Reyes' cellular telephone and advised the workers it was only a two man job so one of the employees needs to go back down to the top of the pier and the other two needed to release the cable attached to the crane. Ulvaldo and Reyes told Sammy Vasquez to go back down to the top of the pier and they would take care of releasing the crane that Angel had told them to do.

8.

Sammy Vasquez climbed back down off the rebar cage to the top of the pier and he was standing on the wooden platform when this tragic event took place. Sammy had been on the top of the pier for only a few minutes when the entire rebar cage came crashing down to the ground. Ulvaldo and Reyes suffered massive traumatic fatal crush injuries as a result of Defendants' gross negligence. Ulvaldo was in fear for his life immediately prior to hitting the ground and dying an excruciating death.

9.

Immediately following the accident, Gilberto rushed to his brother's side as he laid bleeding from the month and in severe pain. Gilberto held his brother in his arms as he suffered for several minutes and until the last signs of life escaped his body.

10.

Gilberto Soto Martinez was the brother of Ulvaldo Martinez. Gilberto Soto Martinez experienced agonizing mental anguish and pain and suffering from the time that he saw his beloved brother Ulvaldo Martinez fall to his death. Gilbert Soto Martinez held his beloved brother in his arms as Ulvaldo was taking his last breaths. Upon information and belief, Gilberto Soto Martinez has suffered and will suffer mental anguish in the future for witnessing his brother's horrific death and will require future psychiatric medical treatment. Gilberto Soto Martinez is seeking emotional damages for his mental anguish from his brother's tragic death pursuant to Article 2315.6 (3) of the Louisiana Code of Civil Procedure, which is commonly known as a "LeJeune Claim" pursuant to the case of *LeJeune v. Rayne Memorial Hospital, 556 So. 2d 559 (La. 1990)*.

11.

Prior to the accident, Ulvaldo was a family man who worked hard every day for his wife and his two sons. He had dreams of improving life for his family and loved his precious time with them. As a result of the accident, his widow and his sons have no husband and no father. The goal of improving life for the family has faded away into the horror of a widow and two sons with no means of financial support and no husband or father to depend upon or to enjoy their life. Consequently, Mrs. Maldonado, individually and as the wife of the decedent, Ulvaldo Soto Martinez, and Justin Soto

Martinez and Usvaldo Soto Maldonado as the minor sons of the decedent, all are in accordance with La. Civil Code Articles 2315.1 and 2315.2, are asserting this survival and wrongful death action against the named defendants.

12.

The above described accident and death was caused by the negligence of KMTC JV, GEC JV, and the STATE OF LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT by allowing the incident to take place which caused the death of ULVALDO SOTO MARTINEZ.

13.

The above-described accident was caused by the negligence of KMTC JV, GEC JV and JL STEEL in the following non-exclusive ways:

a. Failing to use and supervise the use of equipment for KMTC JV and GEC JV in a reasonably safe manner as a person of ordinary prudence would have done under the same or similar circumstance;

b. Failing to give adequate training in the operation and use of the crane that is the basis of this lawsuit;

c. Failing to adequately train its employees in the operation of company equipment including the use of cranes on heavy equipment to prevent the rebar cage from losing its center of gravity and falling to the ground;

d. Failing to install, adopt or employ adequate safety measures in its work place to prevent accidents such as the one that injured Plaintiff and is the subject of this lawsuit.

e Failing to use safely designed and manufactured equipment in the work place that contains adequate warning signs regarding known hazards;

f. Failing to safely design, engineer and use the crane that is the subject of this suit;

g. Failing to use ordinary care in lifting heavy objects with a piece of equipment;

h. Failing to properly use and secure rebar cages during lifting that was involved in the incident that is the basis of this suit;

i. Failing to design and implement safe and prudent methods of erecting columns, rebar cages and material in the construction project at issue;

j. JL STEEL knew the death of plaintiff was substantially certain to follow by allowing the foregoing commissions and omissions to occur, yet proceeded with the acts and omissions regardless of the risk.

14.

At the time of the accident, defendant, Zurich American Insurance Company, issued a comprehensive general liability policy of insurance, to defendant KMTC JV, which said policy was in full force and effect, insuring KMTC JV from the above referenced acts of negligence and damages.

15.

It is alleged upon information and belief that at all times pertinent herein, that Defendant the State of Louisiana through the Department of Transportation and Development was the owner and custodian and had legal "grade" of the subject bridge. It is also alleged that the State had actual and/or constructive knowledge of the dangerous and defective conditions of the subject construction site and failed to take corrective actions within a reasonable period of time.

16.

As a result of this accident, **ULVALDO SOTO MARTINEZ**, thirty three years of age, sustained a horrible death. Plaintiff herein, **MARIA CRUZ MALDONADO**, his wife, individually and as his representative, and as parent and natural guardian and on behalf of their two minor children **JUSTIN SOTO-MALDONADO AND USVALDO JESUS SOTO-MALDONADO**, have all suffered catastrophic damages and itemizes these damages suffered as a result of this accident to be all reasonable damages applicable under Louisiana law and reasonable in the premises. Likewise, the minor children have suffered this enormous loss and bring forth this action to recover damages for said loss. Such damages would include loss of wages, loss of earning capacity, loss of comfort and society, loss of inheritance, survival action, and pre-impact fear of death, emotional suffering and mental anguish (past, present and future) loss of enjoyment of life (past, present and future), loss of household services (past, present and future) medical expenses, funeral expenses and other damages to be enumerated and proven at the trial of this matter.

17.

As a result of the wrongful death of Ulvaldo Soto Martinez, Maria Maldonado-Soto, widow, and Justin Soto-Maldonado and Usvaldo Jesus Soto-Maldonado, Natural

Children of deceased, have all suffered loss of consortium with the damages related to his death, which include, but are not limited to:

a) Loss of enjoyment of life, past, present and future;

b) Mental pain and suffering, past, present and future;

c) Loss of love and affection, past, present and future;

d) Loss of comfort and solace, past, present and future; and

e) Loss of society and companionship, past, present and future.

18.

Zurich American Insurance Company is a foreign or alien insurer. Consequently, pursuant to Article 42 (7) of the Louisiana Code of Civil Procedure, this action is properly before this Honorable Court.

19.

The damages of Mrs. Maldonado, Justin Soto-Maldonado, Usvaldo Jesus Soto-Maldonado, and Gilberto Soto Martinez and the Estate of Ulvaldo Soto Martinez all vastly exceed $50,000.00, exclusive of interest and costs. Consequently, plaintiffs demand and are entitled to a trial by jury pursuant to Article 1732 (1) of the Louisiana Code of Civil Procedure.

**WHEREFORE,** petitioners prays that after due delays and proceedings had, there be judgment herein in favor of petitioners, MARIA CRUZ MALDONADO, Individually and on behalf of and as representative of the ESTATE OF ULVALDO SOTO MARTINEZ, DECEASED, and on behalf of and as Next Friend and Natural Guardian of JUSTIN SOTO-MALDONADO AND USVALDO JESUS SOTO-MALDONADO, MINORS, AND GILBERTO SOTO MARTINEZ, and against defendants, KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV, GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, PB AMERICAS, INC. F/K/A/ PARSONS, BRINCKERHOFF, QUADE & DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, LPA GROUP INCORPORATED AS PARTNER OF GEC

LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, G.E.C. INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP, ZURICH AMERICAN INSURANCE COMPANY, THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT AND JL STEEL REINFORCING, LLC. For all damages which are reasonable in the premises, expert witness fees together with legal interest thereon from the date of judicial demand until paid, and all costs of these proceedings and all equitable and just relief as this Court may deem appropriate. Plaintiffs also demand a trial by jury.

Respectfully submitted,

*[signature]*
STEVE M. SIKICH (#18026)
The Sikich Law Firm
309 E. Sallier Street, Suite B * 70601
Post Office Box 1432 * 70602
Lake Charles, Louisiana
PH: (337) 721-8008
FX: (337) 721-8006

Juan C. Hernandez
Texas Bar Number 24002270
8111 LBJ Freeway, Suite 1065
Dallas, Texas 75251
(972) 235-4444
(972) 235-4454 Facsimile
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2010, a true and correct copy of the foregoing document was sent to all attorneys of record via fax and e-mail.

*[signature]*
STEVE M. SIKICH

<u>PLEASE SERVE</u>:

KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO.,
TRAYLOR BROS., INC., A JOINT VENTURE D/B/A KIEWIT
MASSMAN TRAYLOR CONSTRUCTORS A/K/A KMTC JV,
By serving its Registered Agents,
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, LA 70808

National Registered Agents, Inc.
1011 N. Causeway Boulevard, Suite 3
Mandeville, LA 70471

GEC LOUISIANA TIMED MANAGERS, A JOINT VENTURE PARTNERSHIP;
PB AMERICAS, INC. F/K/A PARSONS, BRINCKERHOFF, QUADE &
DOUGLAS, INC. AS PARTNER OF GEC LOUISIANA TIMED MANAGERS JV;
LPA GROUP INCORPORATED AS PARTNER OF GEC LOUISIANA TIMED
MANAGERS JV; GEC INC. AS PARTNER OF GEC LOUISIANA TIMED
MANAGERS JV,
By serving their Attorney of Record:
Keely Y. Scott, Esq.
Crawford Lewis
450 Laurel Street, Suite 1600
Baton Rouge, LA 70821

ZURICH AMERICAN INSURANCE COMPANY,
By serving its Registered Agent,
Louisiana Secretary of State
Legal Services
8585 Archive Avenue
Baton Rouge, LA 70809

THE STATE OF LOUISIANA THROUGH THE DEPARTMENT
OF TRANSPORTATION AND DEVELOPMENT,
By serving its Registered Agent,
Secretary, William D. Anker, Ph.D.
1201 Capital Access Road
Baton Rouge, LA 70802

JL STEEL REINFORCING, LLC,
By serving its Registered Agent,
2409 Minnis Drive
Fort Worth, TX 76117