IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, et al., § | CIVIL ACTION NO. 4:09-CV-02521 |
| Plaintiffs, § | |
| § | |
| v. § | JUDGE KEITH P. ELLISON |
| § | |
| KIEWIT LOUISIANA CO., et al., § | |
| Defendants. § | JURY |

**REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
BASED ON APPLICATION OF LOUSIANA LAW**

**MAY IT PLEASE THE COURT:**

Through undersigned counsel, here comes Defendants, Kiewit Louisiana Co., Massman Construction Co. and Traylor Bros., Inc., a Joint Venture d/b/a Kiewit Massman Traylor Constructors ("KMTC JV"), and the individual joint venturers of KMTC JV, Kiewit Louisiana Co. ("Kiewit"), Massman Construction Co. ("Massman"), and Traylor Bros., Inc. ("Traylor") (collectively, "Defendants"), who provide the instant Reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment Based on Application of Louisiana Law.

Defendants agree with Plaintiffs' concession in Paragraph 10 of Plaintiffs' Response to Defendants' Motion for Partial Summary Based on Application of Louisiana Law, Rec.Doc. 54 ("Plaintiffs' Opposition"), that the Restatement (Second) of Conflicts of Laws §184 governs the determination in this case of whether the exclusive-remedy provision of Louisiana's workers' compensation law applies and, therefore, makes Defendants immune from this tort suit, since the employee at issue – Martin Anastacio Reyes Osuna ("Reyes" or "Decedent") -- is covered by Louisiana workers' compensation insurance. This same day, Defendants have filed their Motion

1

for Summary Judgment by KMTC JV and Joint Venturers as Statutory Employers, Rec.Doc. 55 ("Statutory Employer Motion"), where Defendants have moved this Court to grant summary judgment in favor of Defendants and against the plaintiffs, Guadalupe Arenas Vargas, individually and as representative of the Estate of Martin Anastacio Reyes Osuna, deceased and as next friend of Zaid Martin Reyes Arenas; and, Sylvia Ozuna Garcia and Martin Reyes Adame, parents of the deceased Martin Anastacio Reyes Osuna (collectively, "Plaintiffs"), dismissing, with prejudice, all claims of the Plaintiffs against (1) KMTC JV, as it is, under applicable Louisiana law, the statutory employer of Reyes, and, thus, liable only for workers' compensation benefits and immune from tort liability; and against (2) Kiewit, Massman and Traylor (collectively, "Joint Venturers") since, as the individual Joint Venturers of KMTC JV, they are, under applicable Louisiana law, likewise exclusively liable for workers' compensation benefits and are immune from tort liability.

The granting of Defendants' Statutory Employer Motion would moot Defendants' Motion for Partial Summary Judgment Based on Application of Louisiana Law, Rec.Doc. 48 ("MSJ on Parents' Claims"), as Defendants are requesting that this Court rule that the Defendants are immune from tort suit by the Plaintiffs as Defendants are statutory employers of Reyes and are liable only for workers' compensation. Since Louisiana law applies and Defendants are immune from tort suit by the Plaintiffs (*see* Restatement (Second) Conflicts of Laws §185 and *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 204-207 (Tex. 2000)), there can be no claims for compensatory damages. Accordingly, there is actually no need for this Court to undertake any choice of law analyses under Restatement (Second) Conflicts of Laws §§6 and 145 (1971) with respect to the claims of any of the Plaintiffs, including the parents

of Reyes. Plaintiffs are hereby requesting that the Statutory Employer Motion be heard in advance of or contemporaneously with Defendants' MSJ on Parents' Claims.

If, for any reason, this Court does undertake a choice of law analysis under Restatement (Second) Conflicts of Laws §§6 and 145 (1971) with respect to the claims of Reyes' parents – despite the fact that Defendants, as statutory employers of Reyes – are immune from tort suit by the parents – Defendants maintain their now alternative position that Louisiana law nonetheless applies to the tort claims of the parents, which claims cannot be maintained in this matter for the alternative reason that the parents have no standing to bring wrongful death of survivorship claims under Louisiana law, particularly LSA R.S. Civil Code Articles 2315.1 and 2315.2, as more fully set forth in Defendants' MSJ on Parents' Claims.

Under a choice of law analysis under Restatement (Second) Conflicts of Laws §§6 and 145 (1971), the "most significant relationship" test would apply. *See Wagner*, 18 S.W.3d at 205-206; *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000); *Total Oilfield Services, Inc. v. Garcia*, 711 S.W.2d 237, 239 (Tex. 1986). This test carries with it a presumption in favor of applying the law of the place of injury, which in this case was Louisiana. *See* Restatement §145 cmt. e (1971). There is no dispute that the fatal accident occurred in Louisiana. To overcome the presumption that Louisiana law should apply in the tort claim context, Plaintiffs must provide that Texas has a more significant relationship under Restatement §6 principles to the occurrence and the parties. Plaintiffs simply cannot prove that in this case, where, among other things, it is undisputed that the accident/injury occurred in Louisiana, the HPL Bridge Project occurred in Louisiana, Reyes worked on the HPL Bridge Project solely in Louisiana, where he was living at the time of the accident, and KMTC JV and JL Steel were supervising and managing the work in Louisiana. Reyes parents are citizens of and reside in

3

Mexico; therefore, Texas has no particular policy interest in applying its law to their claims (over the applicable law of Louisiana).

## CONCLUSION

For the reasons set forth above, the Statutory Employer Motion, pending before this Court, should be granted, finding that under Louisiana's workers' compensation law, Defendants are statutory employers of Reyes and are, thus, liable only for workers' compensation and are immune from tort suit by the Plaintiffs. The granting of the Statutory Employer Motion would moot the Defendants' MSJ on Parents' Claims, insofar as the Defendants are concerned, as they would be dismissed from this case, with prejudice.

In the alternative, Defendants maintain that Louisiana law nonetheless applies to any tort claims of Reyes' parents, which claims cannot be maintained in this matter for the alternative reason that the parents have no standing in this particular case to bring wrongful death of survivorship claims under Louisiana law, particularly LSA R.S. Civil Code Articles 2315.1 and 2315.2. Louisiana law would properly apply to these tort claims under the "most significant relationship" test.

By:    /s/ *David S. Bland*
David S. Bland
Attorney-in-Charge
Texas Bar No. 00789021
So. Dist. of Texas Bar No. 32550
LEBLANC BLAND P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

OF COUNSEL:
Beau E. LeBlanc
Texas Bar No. 24052964
Charles G. Clayton, IV
LA Bar No. 25368
LEBLANC BLAND P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: (504) 528-3088
Facsimile: (504) 586-3419
and
C. Lee Winkelman
Texas Bar No. 24042176
So. Dist. Of Texas Bar No. 584631
LEBLANC BLAND P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

**Attorneys for Defendants, Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc., a Joint Venture, d/b/a Kiewit Massman Traylor Constructors; Kiewit Louisiana Co., Massman Construction Co., and Traylor Brothers, Inc.**

**CERTIFICATE OF SERVICE**

I certify that on June 10, 2011, a true and correct copy of this document was served on all counsel of record by U.S. Mail, electronic mail or the Court's electronic filing system.

                                                 /s/ *David S. Bland*