UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GUADALUPE ARENAS VARGAS, Individually and As Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and As Next Friend of ZAID MARTIN REYES ARENAS; JUANA SYLVIA OZUNA GARCIA; and MARTIN REYES ADAME | C.A. NO. 4:09-CV-02521 |
| V. | |
| KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., and TRAYLOR BROS., INC., a Joint Venture d/b/a KIEWIT MASSMAN TRAYLOR CONSTRUCTORS; KIEWIT LOUISIANA CO.; MASSMAN CONSTRUCITON CO.; TRAYLOR BROS., INC; KIEWIT ENGINEERING CO., and MODJESKI AND MASTERS, INC. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
12(b)(6) MOTION TO DISMISS**

Defendant, Modjeski and Masters, Inc. ("Modjeski") hereby files this Memorandum of Law in Support of its Motion to Dismiss under Fed.R.CIv.P. 12(b)(6).

**A.   Background**

This lawsuit involves a claim by Plaintiffs against numerous defendants stemming from the expansion of the Huey P. Long Bridge in New Orleans, Louisiana (the "Project"). Modjeski, a professional engineering firm licensed by the State of Louisiana[1], contracted with the Louisiana Department of Transportation and Development ("LA DOTD"), the Louisiana

---

[1] Modjeski respectfully requests this honorable Court take judicial notice of its Louisiana Engineering license, No. EF.0000570, which is publicly available at https://renewals.lapels.com/Lookup/LicenseLookup.aspx

state agency in charge of highways and bridges, to design the Project and assist the LA DOTD in preparing and assembling various bid documents. The LA DOTD, acting through its project administrator Louisiana Timed Managers ("LTM"), conducted a public bid. Following the bid process, LA DOTD entered into a contract with defendant Kiewit Massman Traylor Constructors, JV ("KMTC") to perform the Work. KMTC then subcontracted a portion of the work to JL Steel Reinforcing, LLC ("JL Steel"), the employer of the deceased.

While making no specific allegations against Modjeski, Plaintiffs assert in their Third Amended Complaint that Modjeski "was the engineering firm on the bridge project, and reviewed and approved the design and engineering of the rebar cage and guying system for the cage"[2]. In a general list of allegations against all Defendants, copied verbatim from Plaintiff's Second Amended Complaint which was copied verbatim from Plaintiff's First Amended Complaint, Plaintiffs add no new allegations against Modjeski, but claim that a duty of care was breached by "failing to ensure that the rebar cage and column guying system were safely designed and engineered for their intended use."[3]

Neither Plaintiffs' Original Petition, Plaintiffs' First Amended Complaint, Plaintiffs' Second Amended Complaint, nor Plaintiffs' Third Amended Complaint attached an affidavit of a third-party registered architect or licensed professional engineer competent to testify against Modjeski that outlines any alleged negligent act, error, or omission as required by Chapter 150 of the Texas Civil Practices & Remedies Code.

---

[2] See Plaintiff's Third Amended Complaint, Doc. No. 51, Paragraph 9.

[3] See Plaintiff's Third Amended Complaint, Doc. No. 51, Paragraph 15(i)

## B. Application of Rule 12(b)(6)

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a plaintiff fails to allege any set of facts in support of their claim that would entitle them to relief. *Taylor v. Books-a-Million*, 296 F.3d 376, 378 (5th Cir. 2002). When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *Id., Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992)(The motion "admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.")

A plaintiff's complaint must be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). It need not contain detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief, including factual allegations that, when assumed to be true, raise a right to relief above the speculative level. *Washington v. Weaver,* 2008 WL 4948612, 1 (5th Cir. 2008). Further, the court will not accept as true conclusory allegations or unwarranted deductions of fact. *Id*., *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

As Plaintiffs have asserted in several filings in this case, Texas tort law governs Plaintiffs' claims (See Document No. 9, Motion to Remand, Document Nos. 54, Response to Motion for Partial Summary Judgment and Document No. 58, Response to Motion for Summary Judgment). Texas law, as discussed in detail below, has adopted a requirement to establish that a right to relief is "above the speculative level" when claims are made against design professionals. Presumably to avoid a design professional being brought into litigation

when its involvement in an accident is only tangentially related to a particular claim (here Modjeski had no responsibility for KMTC's or JL Steel's means and methods of construction), Texas law requires a plaintiff to show at the outset that there is substance to his or her claim against <u>this</u> design professional. Plaintiffs' failure to meet this requirement makes the granting of Modjeski's 12(b)(6) Motion to Dismiss appropriate.

**C.      Plaintiffs Failed to Meet the Contemporaneous Filing Requirement of Tex.Civ.Prac.&Rem. Code § 150.002(a).**

It is undisputable that Modjeski is a "design professional" as defined by Section 150.001 of the TEXAS CIVIL PRACTICES & REMEDIES CODE (defining "design professional" as a registered architect or licensed professional engineer). Section 150.002 provides that:

> (a) In any action or arbitration proceeding for **damages arising out of the provision of professional services** by a licensed or registered professional, the plaintiff **shall be required** to file **with the complaint** an affidavit of a third-party licensed architect, registered professional land surveyor, or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically **at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim**. The third-party professional engineer, registered professional land surveyor, or licensed architect shall be licensed in this state and actively engaged in the practice of architecture, surveying, or engineering.
>
> (b)     The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, registered professional land surveyor, or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the

> filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.
>
> (c) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.
>
> (d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) **shall result in dismissal** of the complaint against the defendant. This dismissal may be with prejudice. (emphasis added)

Modjeski, a registered and licensed professional engineering firm, is involved in the Project by providing professional services to the LA DOTD. There has been no allegation of direct contact of any sort between Modjeski or Modjeski employees and any of the JL Steel workers, including Martin Reyes and Ulvaldo Maldonado, so any allegation brought by Plaintiffs must arise out of the provision of professional services by Modjeski. It is clear from the record and the allegations in this matter that the provisions of subsection (b) of the Statute do not apply in this case and, as such, Plaintiffs were required to file the affidavit called for in subsection (a) contemporaneously with their complaint.

As Judge Harmon of the United States District Court for the Southern District of Texas, Houston Division recently held in *Harris Construction Company, Ltd. V. GGP-Bridgeland, LP, 2011 U.S. Dist. LEXIS* 3232, p. 5 (also a case removed from state court on diversity jurisdiction), a claim that "arises out of [an engineering firm's] provision of professional services" is "subject to the requirements of *CPRC 150.001* and *150.002*, including the

certificate of merit"[4]. Section 150.002(a) expressly provides that the Certificate of Merit filing is a contemporaneous filing requirement. Due to Plaintiffs' failure to file a Certificate of Merit contemporaneously with their Original or Amended Petitions, or at all, Modjeski is entitled to dismissal with prejudice of all claims against it.[5]

                Respectfully submitted,

                By:    /s/ Forrest J. Wynn
                    Forrest J. Wynn
                    TBN 24037750
                    Federal ID #: 34067
                    1300 Post Oak Blvd., Suite 2500
                    Houston, Texas 77056
                    Telephone: 713.623.0887
                    Facsimile: 713.960.1527

                **ATTORNEY FOR DEFENDANT**
                **MODJESKI AND MASTERS, INC.**

**OF COUNSEL:**

DEUTSCH, KERRIGAN & STILES, LLP.
Francis J. Barry, Jr.
Federal ID and La Bar No. 02830
Terrence L. Brennan
Federal ID & La Bar No. 03434
Scott J. Hedlund
Federal ID & La Bar No. 30549

---

[4] In an earlier decided case from the Houston Division, *Estate of C.A. v. Grier*, 752 F.Supp.2d 763 (2010), the Court found Section 150.002 merely procedural and, therefore, declined to enforce it because it believed the "Texas certificate-of-merit statute collides with federal law". As pointed out in that case, however, in citing *Menendez v. Wal-Mart Stores, Inc*, 364 Fed.Appx. 62, 68 n. 7, the Fifth Circuit chose to "express no views on whether Texas Civil Practice & Remedies Code § 150.002 precludes the plaintiffs from recovering from [an engineering firm]." Modjeski respectfully suggests that the stated legislative purpose of House Bill 4 and C.S.H.B. 4 of the 2003 Legislative Session, which enacted § 150.002, to "bring more balance to the Texas civil justice system, reduce litigation costs, and address the role of litigation in society" demonstrates the substantive nature of the statute and that it should be applied under the Erie doctrine.

[5] *See also Menendez v. Wal-Mart Stores, Inc.*, 2009 WL 2407949, *affirmed by Menendez v. Wal-Mart Stores, Inc*, 364 Fed.Appx. 62 on other grounds, and *Palladian Bldg. Co., Inc. v. Nortex Foundation Designs, Inc.*, 165 S.W.3d 430 (2005)

755 Magazine St.
New Orleans, LA 70130
Telephone: 504.581.5141
Facsimile: 504. 566.1201

BEIRNE, MAYNARD & PARSONS, L.L.P.
James E. Rogers
Texas Bar No. 24051265
Federal ID No. 614580
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was sent to the following attorneys of record that have made an appearance in this matter by CM-ECF, facsimile or certified mail, return receipt requested on this 8th day of August, 2011.

                                          /s/ Forrest J. Wynn
                                            Forrest J. Wynn