UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, Individually and As Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and As Next Friend of ZAID MARTIN REYES ARENAS; JUANA SYLVIA OZUNA GARCIA; and MARTIN REYES ADAME | § § § § § § § § | |
| | § § | C.A. NO. 4:09-CV-02521 |
| V. | § § | |
| KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., and TRAYLOR BROS., INC., a Joint Venture d/b/a KIEWIT MASSMAN TRAYLOR CONSTRUCTORS; KIEWIT LOUISIANA CO.; MASSMAN CONSTRUCTION CO.; TRAYLOR BROS., INC; KIEWIT ENGINEERING CO., and MODJESKI AND MASTERS, INC. | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

Plaintiffs GUADALUPE ARENAS VARGAS, Individually and as Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and as Next Friend of ZAID MARTIN REYES ARENAS; JUANA SYLVIA OZUNA GARCIA; and MARTIN REYES ADAME, ask this Court to deny Defendant Modjeski and Masters, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6), FED. R. CIV. P. (Doc #63), and respectfully show this Court the following:

**I.
Background**

1. At this point, this Court is familiar with the circumstances of this case. On June 12, 2009, Mr. Martin Anastacio Reyes Osuna ("Reyes") was killed while working as part of a construction crew to widen the Huey P. Long Bridge in Bridge City, Louisiana. Mr. Reyes'

family and estate subsequently brought suit against various companies involved in the design, engineering, and construction of the bridge, including Modjeski and Masters, Inc. ("M&M"), the project's lead design engineer that approved the design and engineering of the rebar cage on which Mr. Reyes was working at the time of the incident and the guying system for the cage.

2. On June 10, 2011, Defendants Kiewit Louisiana Co., Massman Construction Co., and Traylor Bros., Inc., a Joint Venture d/b/a Kiewit Massman Traylor Constructors, and the individual joint venture partners (collectively, "KMTC") moved for summary judgment claiming that "under applicable Louisiana law," KMTC was the statutory employer of Mr. Reyes, and therefore immune from tort liability."[1] In its motion, KMTC observed that Mr. Reyes' direct employer, JL Steel, had already been dismissed from this case based on its tort suit immunity under Louisiana law which was applied after a conflict of laws analysis with Texas law as set forth by the Texas Supreme Court in *Hughes Wood Prods. v. Wagner*, 18 S.W.3d 202, 205-06 (Tex. 2000).[2] According to KMTC, "[t]he law is clear . . . that Louisiana law applies to this case . . . ."[3]

3. This Court agreed with KMTC and granted its motion.[4] Applying Texas' choice-of-law rules, this Court held that Louisiana law, not Texas law, applied to the issue of tort immunity.[5] It then went on to find that under Louisiana law, KMTC was a statutory employer, and therefore immune from tort liability.[6]

---

[1] Doc #55 at pp. 1-2.

[2] Doc #55 at pp. 2-3.

[3] Doc #55 at p. 3.

[4] Doc # 71 at p. 1.

[5] Doc #71 at pp. 3-7.

[6] Doc #71 at pp. 12-13.

4. On August 8, 2011, M&M filed its Motion to Dismiss under Rule 12(b)(6), FED. R. CIV. P. claiming that Plaintiffs' claims against it should be dismissed because they did not file a certificate of merit as required by Texas law.[7] It is undisputed that there is no such filing requirement under Louisiana law.

## II.
### ARGUMENT & AUTHORITIES

**A. Standard of review.**

5. The Fifth Circuit will review *de novo* a dismissal under Rule 12(b)(6). *Frame v. City of Arlington*, 575 F.3d 432, 435 (5th Cir. 2009). "The complaint must be liberally construed with all reasonable inferences drawn in the light most favorable to the plaintiff." *Id.* (quoting *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005)). Therefore, if the plaintiff provides sufficient notice of the basis of his claim, dismissal is improper if his allegations would entitle him to relief under any possible theory of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (citations omitted). In determining a motion to dismiss, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 357 (5th Cir. 2001).

**B. The certificate of merit filing requirement of Section 150.002 is procedural; it is not a substantive element of Plaintiffs' negligence claim against M&M.**

6. A recent case out of the Houston Division specifically addressed whether the certificate of merit filing requirement of Section 150.002 is procedural or substantive, and involved a situation very similar to this case. *See Estate of C.A. v. Grier*, 752 F.Supp.2d 763 (S.D. Tex. 2010) (Rosenthal, J.). As in this case, *Grier* involved a state law negligence case in federal court under the court's diversity jurisdiction. The plaintiffs sued an architectural firm for negligence

---
[7] Doc #s 63-64.

in the design and specifications for a pool where their son drowned. Because the plaintiffs did not submit a certificate of merit from an architect within the time period required by Section 150.002, the defendant moved to dismiss the case, just as M&M has done in this case.

7.  After analyzing the United States Supreme Court's recent decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*[8] and the comparable expert report requirement in Texas medical malpractice cases,[9] the court held that Section 150.002 was (1) procedural, and (2) conflicted with the Federal Rules because it "imposes more stringent pleading requirements than Rules 8 and 9 of the Federal Rules of Civil Procedure and therefore conflicts with the federal pleading sufficiency standards."[10] The court also found Section 150.002 inconsistent or in conflict with Rules 11 and 26 of the Federal Rules.[11] Because Section 150.002 is a procedural rule that does not apply in a federal court diversity case, the court denied the defendant's motion to dismiss.[12]

8.  The relevant facts in *Estate of C.A.* are identical to the fact in this case and the reasoning is directly on point. For the same reasons, this Court should deny M&M's motion.

**C.  Even assuming the certificate of merit filing requirement of Section 150.002 was a substantive element of a Texas state law claim for negligence, this Court has already held that Louisiana, not Texas, substantive law applies to Plaintiffs' claims in this case.**

9.  As discussed in the Background section above, it is clear at this point that Plaintiffs' substantive claims in this case will be governed by Louisiana, not Texas law. If Louisiana substantive law applies to Plaintiffs' claims against KMTC, it should also apply to Plaintiffs'

---

[8] 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010).

[9] Section 74.351.

[10] *Estate of C.A.* at p. 770.

[11] *Id.* at 771.

[12] *Id.* at 771-72.

claims against M&M. It is undisputed that there is no comparable filing requirement under Louisiana law. Accordingly, this Court should deny M&M's motion.

## III.
## Prayer

10. For these reasons, Plaintiffs respectfully ask this Court to deny Defendant's motion in its entirety.

Respectfully submitted,

By:   */s/ Christopher K. Johns*
    ANTHONY G. BUZBEE
    SBOT No. 24001820
    SD ID No. 22679
    JP Morgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Telephone: 713.223.5393
    Facsimile: 713.223.5909

OF COUNSEL:
**THE BUZBEE LAW FIRM**
Christopher K. Johns
SBOT No. 24002353
SD ID No. 21630
cjohns@txattorneys.com

**SOLIS & SMITH, P.C.**
Carlos Solis
SBOT No. 24002972
Paul Smith
SBOT No. 24015025
1925 North New Braunfels
San Antonio, TX 78208
Telephone: 210.223.5000
Facsimile: 210.223.5007

**THE LAW OFFICE OF**
**GARCIA & KARAM, L.L.P.**
Ricardo Garcia
SBOT No. 07643200
Aizar Karam

SBOT No. 00796860
820 South Main
McAllen, Texas 78501
Telephone: 956.630.2882
Facsimile: 956.630.5393                ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the ***29th day of August, 2011***. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

                                                      */s/ Christopher K. Johns*
                                                      Christopher K. Johns