IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GUADALUPE ARENAS VARGAS, et al.,** § | CIVIL ACTION NO. 4:09-CV-02521 |
| Plaintiffs, § | |
| § | |
| v. § | JUDGE KEITH P. ELLISON |
| § | |
| **KIEWIT LOUISIANA CO., et al.,** § | |
| Defendants. § | JURY |

**MOTION FOR PARTIAL SUMMARY JUDGMENT BY KECO
ON WRONGFUL DEATH, SURVIVAL
AND PUNITIVE DAMAGES CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Kiewit Engineering Company ("KECO" or "Defendant"), who files this Motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment in favor of KECO and against the plaintiffs, Guadalupe Arenas Vargas, individually ("Wife" or "Vargas") and as representative of the Estate of Martin Anastacio Reyes Osuna, deceased ("Estate"), and as next friend of Zaid Martin Reyes Arenas ("Child"); and, Sylvia Ozuna Garcia and Martin Reyes Adame, parents of the deceased Martin Anastacio Reyes Osuna ("Parents") (collectively, "Plaintiffs"), seeking (i) a declaration that Louisiana law, rather than Texas law, applies to the Plaintiffs' claims for wrongful death, survival, and punitive damages, (ii) an order that the wrongful death and survival claims of the Parents and the Estate are barred under the circumstances of this case under Louisiana law and are, thus, dismissed, with prejudice, (iii) an order that the punitive damage claims of all Plaintiffs are barred under Louisiana law and are, thus, dismissed, with prejudice, and (iv) an order dismissing the Parents and the Estate from this

case, with prejudice, as those parties have no remaining claims.  The legal arguments and authorities supporting KECO's motion are more extensively set forth in its Memorandum in Support of Motion for Partial Summary Judgment by KECO on Wrongful Death, Survival, and Punitive Damages Claims (the "Memorandum") filed concurrently with this Motion and incorporated herein by reference.

This is a wrongful death case.  In Plaintiffs' Third Amended Complaint (the "3rd Complaint"), Plaintiffs characterize their causes of action as negligence and *res ipsa loquitor*. *See* 3rd Complaint at ¶¶IV and V.   However, Plaintiffs' claims are based upon the death of Martin Anastacio Reyes Osuna ("Decedent") and are, therefore, wrongful death and survival claims under both Louisiana and Texas law.  Under Louisiana law, wrongful death gives rise only to wrongful death and survival claims under Articles 2315.2 and 2315.1 of the Louisiana Civil Code.  *Whatley v. Dupuy*, 178 So.2d 438, 441 (La.App. 7/1/65).  Likewise, Texas does not recognize a common law cause of action for wrongful death.  *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 356 (Tex. 1990).  Further, *res ipsa loquitur* is an evidentiary principle and does not provide a cause of action.  *Walker v. Union Oil Mill, Inc.*, 369 So. 2d 1043, 1048 (La. 3/5/79); *Haddock v. Arnspiger,* 793 S.W.2d 948, 950 (Tex.1990).  Therefore, whether Louisiana law or Texas law applies, Plaintiffs' negligence and *res ipsa loquitur* claims are actually claims for wrongful death and/or survival.

Louisiana substantive law applies to Plaintiffs' claims under Texas choice of law rules. Those choice of law rules defer to the local law of the state in which the injury occurred unless another state has a more significant relationship to the occurrence and the parties.  Because Louisiana is the state in which Decedent's death occurred and no other state—including Texas— has a more significant relationship to the construction accident underlying this litigation or to the

parties, Louisiana law will determine the parties' rights and liabilities in this action. This Court has previously recognized Louisiana's superior relationship to the claims in this case when applying Louisiana law to dismiss claims against two of KECO's co-defendants. Further, as discussed in the Memorandum, Plaintiffs concede that Louisiana substantive law applies to their claims herein.

Louisiana substantive law does not permit a deceased's estate to recover damages for wrongful death or survival. Further, the parents of a decedent may not assert wrongful death or survival claims where, as in this case, the decedent left a surviving spouse or child. Thus, the claims of the Estate, as well as of the Parents, Sylvia Ozuna Garcia and Martin Reyes Adame, must be dismissed as the Estate and Parents lack standing to bring such claims. Likewise, Louisiana law expressly prohibits the recovery of punitive damages in wrongful death cases. Therefore, all claims herein for punitive damages must be dismissed as a matter of law. The dismissal of the Parents' and the Estate's wrongful death, survival, and punitive damages claims disposes of all of the Parents' and the Estate's claims herein, warranting those parties' dismissal, with prejudice, from the case.

WHEREFORE Kiewit Engineering Company respectfully requests that, for the reasons set forth above and those more fully set forth in the Memorandum in Support of Motion for Partial Summary Judgment by KECO on Wrongful Death, Survival and Punitive Damages Claims, the Court issue the following: (i) a declaration that Louisiana law applies to the Plaintiffs' claims for wrongful death, survival and punitive damages, (ii) an order that the wrongful death and survival claims of the Parents and the Estate are barred under the circumstances of this case under Louisiana law and are, thus, dismissed, with prejudice, (iii) an order that the punitive damage claims of all Plaintiffs are barred under Louisiana law and are,

thus, dismissed, with prejudice, (iv) an order dismissing the Parents and the Estate from this case, with prejudice, as those parties have no remaining claims, and (iv) an order granting any other relief to which KECO may be justly entitled.

By:   /s/ *David S. Bland*
David S. Bland
Attorney-in-Charge
Texas Bar No. 00789021
So. Dist. of Texas Bar No. 32550
LEBLANC BLAND P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148

OF COUNSEL:
Beau E. LeBlanc
Texas Bar No. 24052964
Charles G. Clayton, IV
LA Bar No. 25368
LEBLANC BLAND P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: (504) 528-3088
Facsimile: (504) 586-3419
and
C. Lee Winkelman
Texas Bar No. 24042176
So. Dist. Of Texas Bar No. 584631
LEBLANC BLAND P.L.L.C.
1717 St. James Place, Suite 360
Houston, Texas 77056
Telephone: (713) 627-7100
Facsimile: (713) 627-7148
**Attorneys for Defendants, Kiewit Engineering Company**

5

## **CERTIFICATE OF SERVICE**

      I certify that on November 10, 2011, a true and correct copy of this document was served on all counsel of record by U.S. Mail, electronic mail or the Court's electronic filing system.

                                            /s/ *David S. Bland*