UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, Individually and As Representative of the Estate of MARTIN ANASTACIO REYES OSUNA, Deceased, and As Next Friend of ZAID MARTIN REYES ARENAS; JUANA SYLVIA OZUNA GARCIA; and MARTIN REYES ADAME | § § § § § § § § | C.A. NO. 4:09-CV-02521 |
| V. | § § | |
| KIEWIT LOUISIANA CO., MASSMAN CONSTRUCTION CO., and TRAYLOR BROS., INC., a Joint Venture d/b/a KIEWIT MASSMAN TRAYLOR CONSTRUCTORS; KIEWIT LOUISIANA CO.; MASSMAN CONSTRUCTION CO.; TRAYLOR BROS., INC; KIEWIT ENGINEERING CO., and MODJESKI AND MASTERS, INC. | § § § § § § § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' RESPONSE TO MOTION FOR PARTIAL SUMMARY JUDGMENT BY KECO ON WRONGFUL DEATH, SURVIVAL, AND PUNITIVE DAMAGES CLAIMS**

TO THIS HONORABLE COURT:

Plaintiffs file this Response to Motion for Partial Summary Judgment by KECO on Wrongful Death, Survival, and Punitive Damages Claims (Doc #76), and respectfully shows this Court as follows:

**I.
Response**

1.   KECO's motion is essentially redundant of the motion filed by its sister defendants several months ago, wherein they asked this Court to dismiss the claims of Mr. Reyes' parents, Juana Sylvia Ozuna Garcia and Martin Reyes Adame, based on the application of Louisiana

law.[1]  Plaintiffs filed a response to that motion.[2]  Rather than recite the same arguments set forth in their response, Plaintiffs respectfully refer this Court to their response which adequately sets forth Plaintiffs' position on the choice of law issue which is the basis of KECO's argument.

2. Should this Court find that Plaintiffs' wrongful death and survival claims are governed by Louisiana law; specifically, Articles 2315.1 (survival) and 2315.2 (wrongful death) of the Louisiana Civil Code, Plaintiffs will ask this Court for leave to amend their Complaint to assert their negligence claims against Defendants under the applicable Louisiana statutory provisions, and confirm that the only individuals who have a right to recover under the wrongful death and survival claims are Mr. Reyes' surviving spouse, Guadalupe Arenas Vargas, and surviving child, Zaid Martin Reyes Arenas.

3. Further, should this Court find that Plaintiffs' wrongful death and survival claims are governed by Louisiana law, Plaintiffs will amend their complaint to remove their claim for exemplary damages, as no Louisiana statute authorizes exemplary damages under the facts of this case.

## II.
## Conclusion

4. For these reasons, Plaintiffs ask this Court to deny KECO's motion.  If this Court grants KECO's motion, Plaintiffs ask this Court for leave to amend their Complaint in accordance with the discussion above.

---

[1] *See* Defendants' Motion for Partial Summary Judgment Based on Application of Louisiana Law (Doc #48).

[2] *See* Plaintiffs' Response to Defendants' Motion for Partial Summary Judgment Based on Application of Louisiana Law (Doc #54).  This Court denied Defendants' motion as moot based on its granting of Defendants' motion on the statutory employer issue.  (Doc #71).  This Court subsequently clarified its order to confirm that Plaintiffs' claims against KECO were not dismissed.  (Doc #72).

Respectfully submitted,

By: */s/ Christopher K. Johns*
ANTHONY G. BUZBEE
SBOT No. 24001820
SD ID No. 22679
JP Morgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Telephone: 713.223.5393
Facsimile: 713.223.5909

OF COUNSEL:
**THE BUZBEE LAW FIRM**
Christopher K. Johns
SBOT No. 24002353
SD ID No. 21630
cjohns@txattorneys.com                ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document will be served or has been served on all interested parties in accordance with the Federal Rules of Civil Procedure on the ***1st day of December, 2011***. Service on E-Filing Users will be automatically accomplished through the Notice of Electronic Filing; non-Filing Users will be served by certified mail, return receipt requested and/or via facsimile.

  */s/ Christopher K. Johns*
Christopher K. Johns