IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, et al., | § | C.A. NO. 4:09-cv-02521 |
| Plaintiffs | § | |
| | § | |
| VS. | § | JUDGE KEITH P. ELLISON |
| | § | |
| KIEWIT LOUISIANA CO., et al., | § | |
| Defendants | § | JURY |

## DEFENDANT MODJESKI & MASTERS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR CLARIFICATION OF COURT'S MARCH 26, 2012, OPINION AND ORDER AND MEMORANDUM IN SUPPORT

Defendant MODJESKI & MASTERS, INC. ("M&M") hereby files its Motion for Partial Summary Judgment or in the alternative for Clarification of the Court's March 26, 2012, Opinion and Order and Memorandum in Support and in support hereof would show the Court the following:

1. On March 26, 2012, on a Motion for Partial Summary Judgment submitted by Kiewit Engineering Company ("KECO"), the Court issued an order granting the motion and holding that "Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages, and dismisses Plaintiffs' claims for punitive damages and the claims of Reyes' parents and the Estate." See ECF Doc. #89.

2. Out of an abundance of caution, M&M is filing this motion to ensure that the March 26, 2012, applied to all remaining defendants, both KECO and M&M.

I. NATURE AND STAGE OF THE PROCEEDING

3. This is a wrongful death and survival case brought by the Decedent's Wife, Child, Parents and Estate. KECO and M&M are the only two remaining defendants since the Court granted KMTC

514015.1 PLD 0002523 8568 KLS

JV's Motion for Summary Judgment (ECF Doc. #71) and JL Steel Reinforcing LLC's Motion to Dismiss (ECF Doc. #19). On March 26, 2012, on a Motion for Partial Summary Judgment submitted on behalf of Kiewit Engineering Company ("KECO"), the Court issued an order granting the motion and holding that "Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages, and dismisses Plaintiffs' claims for punitive damages and the claims of Reyes' parents and the Estate." See ECF Doc. #89. According to the scheduling order in this matter discovery ends April 24, 2012, however the parties have agreed to extend this deadline by 60 days. Further the deadline for dispositive motions to be filed is April 24, 2012, and trial is to begin July 30, 2012. See ECF Doc. #78.

## II. ARGUMENT AND AUTHORITIES

### A. Summary Judgment Standard

4. A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (internal quotations omitted). A choice of law determination is a question of law, therefore the question is "whether the parties have presented sufficient evidence to make the choice of law determination." See ECF Doc. #89 at 3-4 (*citing Nunez v. Hunter Fan Co.*, 920 F. Supp. 716, 717-18 (S.D. Tex 1996)).

### B. Choice of Law

5. In tort cases, Texas courts generally follow the analysis in Restatement Sections 6 and 145. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). "Section 6 of the Restatement contains the general principles involved in the conflicts analysis whereas Restatement Section

145 lists the factual matters to be considered when applying the Section 6 principles to a given case." *Gauthier v. Union Pacific Railroad Co.*, 644 F.Supp.2d 824, 839 (E.D. Tex. 2009) (citing *Perez v. Lockheed Corp. (In re Air Disaster at Ramstein Air Base)*, 81 F.3d 570, 577 (5th Cir. 1996)). The factual matters in Section 145 are determinative of the most significant relationship issue. *See id.*

6. Restatement Section 6 directs a court to follow a statutory directive on choice of law of its own state. See Restatement §6(1). Where there is no such directive, Section 6(2) identifies the factors relevant to the choice of law analysis, which includes concerns regarding predictability, the policies of the forum and other interested states, and the needs of the interstate system, among other things.[1]

7. Restatement Section 145(2) sets forth four contacts to be taken into account when applying Section 6: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. See also Torrington, 46 S.W.3d at 848 (citing Restatement (Second) of Conflict of Laws § 145(2) (1971); Black, 2010 WL 4702344 at *8.

8. The Court has already determined that a conflict exists between Louisiana and Texas laws as they apply in this case. See ECF Doc. #89. Further, as described below, the Court has already made its choice of law determination while considering M&M's domicile and relationship to the Plaintiffs' claims.

9. The Place Where the Injury Occurred. This determination has already been made and it is

---

[1] The specific considerations listed in Restatement Section 6 are: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied. *See also Torrington*, 46 S.W.3d at 848 (citing Restatement (Second) of Conflict of Laws § 6(2) (1971); *Gutierrez*, 583 S.W.2d at 318-19)).

undisputed that the injury occurred in Louisiana. See ECF Doc. #89 at 7.

10. The Place Where the Conduct Causing the Injury Occurred. The Court determined that, "Plaintiffs do not allege that any of the design work [including any that may have been done by M&M] took place in Texas, but only that none of the entities [including M&M] responsible for the engineering and design decisions was located in Louisiana." Because eight of the nine alleged acts and omissions in Plaintiffs' amended complaint occurred at the job site Louisiana and the ninth allegation related to the engineering and design of the rebar cage and column guying system, the Court determined that this factor weighs in favor of Louisiana. See ECF Doc. #89 at 7-8.

11. The Domicile, Residence, Nationality, Place of Incorporation, and Place of Business of the Parties. The Court determined that this factor weighed in favor of Louisiana and did so considering and in part based on the domicile of M&M and the fact that they have a registered office in Louisiana. See ECF Doc. #89 at 8-9.

12. The Location of the Relationship Between the Parties. Although not directly addressed in the Court's Order, like KECO, M&M provided engineering services on the project and therefore had only a limited relationship with Plaintiffs which centered on the site of the project. See ECF Doc. #89 at 10 (citing Menendez ex. Rel. Menendez v. Wal-Mart Stores Inc., No. 1:10-CV-53, 2011 WL 2037006, at *9 (N.D. Ind. Mar. 30, 2011); and Beatty v. Isle of Capri Casino, Inc., 234 F. Supp. 2d 651, 655-56 (E.D. Tex. 2002). See, also, ECF Doc. #76-1 at 8 citing ECF Doc. #76-9 and stating "M&M was retained by the DOTD to design and prepare preliminary and final construction plans and prepare specifications and construction cost estimates for the HPL Project."

13. Policy Considerations: Standing of Reyes' Parents. In applying the Restatement §145 factors and those outlined in Restatement §6, the Court found that Louisiana law must apply to the

standing issue. ECF Doc. #89 at 11-12. The Court did so while considering the domicile and registered office of M&M stating "The only other remaining Defendant, Modjeski and Masters, is domiciled in Pennsylvania and does not have an office in Texas. (Doc. Nos. 76-11, 76-12). It does, however, have a registered office in Louisiana. (Doc. NO. 76-12).

14. Policy Considerations: Punitive Damages. Likewise, in applying the Restatement §145 factors and those outlined in Restatement §6, the Court found that Louisiana law must apply to the punitive damages issue. ECF Doc. #89 at 12. The Court did so while considering M&M's connections to Texas and Louisiana stating "neither of the remaining Defendants has connections to Texas, so Texas would have minimal interest in punishing and deterring their conduct. The Defendants allegedly committed a tort in Louisiana."

15. Based on the Foregoing, the Court held that "Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages, and dismisses Plaintiffs' claims for punitive damages and the claims of Reyes' parents and the Estate." See ECF Doc. #89.

III. CONCLUSION

16. For the above reasons and for the reasons and authority set forth by KECO in its Motion for Partial Summary Judgment (ECF Doc. #76); KECO's Reply (ECF Doc. #81); KECO's Supplemental Briefing (ECF Doc. 88); and the findings of fact and conclusions of law set forth in the Court's Memorandum and Order dated March 26, 2012, M&M respectfully requests that the Court grant Partial Summary Judgment holding that Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages against M&M, and dismiss all claims of punitive damages against M&M as well as all claims of Reyes' parents and the estate against M&M.

17. In the alternative, M&M respectfully requests that the Court clarify its Memorandum and

Order dated March 26, 2012, as applying to all defendants such that Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages against both KECO and M&M, and all claims of punitive damages against both KECO and M&M as well as all claims of Reyes' parents and the estate against M&M are dismissed. Please also confirm that this dismissal is made with prejudice.

Respectfully submitted,


/s/ Katherine L. Sunstrom
William K. Luyties
Texas Bar No. 12711700
wkl@lorancethompson.com
Southern District of Texas No. 5419
Katherine L. Sunstrom
Texas Bar No. 24037538
ks@lorancethompson.com
Southern District of Texas No. 34370
LORANCE & THOMPSON, P.C.
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone 713.868.5560
Facsimile 713.864.4671
*Attorneys for Defendant*
*Modjeski & Masters, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 24th day of April, 2012.

*Via Fax 713.223.5909*
Anthony G. Buzbee
Christopher K Johns
THE BUZBEE LAW FIRM
600 Travis, Suite 7300
Houston, TX 77002

*Via Fax 504.586.3419*
David S. Bland
Beau Earle LeBlanc
Charles G. Clayton
LEBLANC BLAND PLLC
1717 St. James Place, Suite 360
Houston, TX  77057

/s/ Katherine L. Sunstrom
KATHERINE L. SUNSTROM

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, et al., | § | C.A. NO. 4:09-cv-02521 |
|     Plaintiffs | § | |
| | § | |
| VS. | § | JUDGE KEITH P. ELLISON |
| | § | |
| KIEWIT LOUISIANA CO., et al., | § | |
|     Defendants | § | JURY |

## ORDER ON DEFENDANT MODJESKI & MASTERS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR CLARIFICATION OF THE COURT'S MARCH 26, 2012 ORDER

Having considered Defendant Modjeski & Masters, Inc.'s Motion for Partial Summary Judgment or in the Alternative for Clarification of the Court's March 26, 2012 Order, it is

ORDERED that the Court's Order dated March 26, 2012, applies to all defendants such that Louisiana law applies to Plaintiffs' claims for wrongful death, survival, and punitive damages against both KECO and M&M, and all claims of punitive damages against both KECO and M&M as well as all claims of Reyes' parents and the estate against M&M are dismissed. Further, this dismissal is made with prejudice.

_____

UNITED STATES DISTRICT JUDGE

514015.1 PLD 0002523 8568 KLS