**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GUADALUPE ARENAS VARGAS, | § | |
| Individually and As Next Friend of | § | |
| ZAID MARTIN REYES ARENAS | § | |
| | § | |
| V. | § | **C.A. 4:09-CV-02521** |
| | § | |
| KIEWIT ENGINEERING CO. and | § | |
| MODJESKI AND MASTERS, INC. | § | |

## ORDER APPROVING SETTLEMENT INVOLVING MINOR PLAINTIFFS AND JUDGMENT DISMISSING ALL CLAIMS WITH PREJUDICE

Came before the Court the Plaintiffs GUADALUPE ARENAS VARGAS, Individually and as NEXT FRIEND of minor Plaintiff (abbreviated as "Z.M.R.A.") and as Representative of the Estate of MARTIN REYES, Intervenor, THE HARTFORD GROUP, and Defendants KIEWIT ENGINEERING CO., and MODJESKI AND MASTERS, INC. The parties were represented by their attorneys of record. Joe Jaworski represented the interests of the minor child by serving as his Guardian *Ad Litem*.

All Plaintiffs and Intervenor announced to the Court that they have reached a compromise settlement of all of their claims against the Defendants and among each other, and Plaintiffs seek the Court's approval of the settlement involving the minor Plaintiff.

Defendants announced to the Court their desire to dismiss any and all cross-claims by and between themselves with prejudice to the re-filing of same.

The Court proceeded to hear and consider evidence regarding the claims of Plaintiffs against Defendants. The Court also considered the potential liabilities and defenses of these Defendants and the reasonableness of the proposed settlement with respect to the interest of the

minor child. The parties stipulated to the reasonableness of the fees and expenses of the Guardian *Ad Litem*.

The Court finds that it has proper jurisdiction of the parties and of the subject matter of this dispute. The Court further finds that Plaintiff GUADALUPE ARENAS VARGAS is the parent and NEXT FRIEND of the minor child Z.M.R.A.; that Plaintiff brought this action against Defendants in her individual capacity and as NEXT FRIEND of Z.M.R.A. and as Representative of the Estate of MARTIN REYES claiming that the incident/accident and injuries made the basis of this suit were the result, in whole or in part, of the negligent and/or grossly negligent acts and/or omissions of Defendants; that these Defendants dispute and deny all claims and liability asserted against them; that the Next Friend and the Guardian *Ad Litem* are fully informed with respect to the facts of liability, the doubtful and disputed nature of the causes of action, and the nature and extent of the injuries and damages claimed; and that, with the knowledge of the causes of action as said above, the parties hereto have voluntarily agreed to compromise and settle such causes of action in full settlement of the respective claims of all parties.

The Court further finds after considering the evidence and the recommendation of the Guardian *Ad Litem* that the settlement entered in this case is a good faith settlement of disputed claims under the applicable law, which adequately and appropriately protects the interests of the minor children and it is in the minor's best interests for the Court to approve the terms of the settlement.

It is ORDERED that the settlement payments made by or on behalf of the Defendants are in full and final settlement of disputed claims asserted by the Plaintiffs; that there has been no admission of liability or fault on the part of the Defendants as all Defendants have expressly

denied such liability or fault; and that there has been no finding by the jury or this Court of any liability or fault on the part of the Defendants.

It is ORDERED that the Court approves the settlement involving the minor Plaintiff and the distribution of the settlement funds involving the minor Plaintiff as being fair and just and in the best interest of the minor child.

It is further ORDERED that the amount of the settlement monies to be paid by the Defendants or their insurers to the Plaintiffs, or their annuity insurers, are the amounts specified in the General Full and Final Settlement, Release and Indemnity Agreement (which are also reiterated below); that Plaintiffs release all past, present and future claims, damages or causes of action that Plaintiffs and minor Plaintiff have or may have against these Defendants, either in Plaintiff's individual capacity, as Representative of the estate, as next friend, as heir of the estate and/or in any other capacity; and that, upon Defendants' payment or tender of the settlement monies to the Plaintiffs or their annuity insurers, the Plaintiffs will not receive any further sums of money from the Defendants other than:.

- $338,900.00 of the Consideration shall be paid by or on behalf of KECO, M&M and/or their insurers to fund periodic payments through the purchase of an annuity for the benefit of Claimant's minor child, Z.M.R.A.

- $91,000.00 of the Consideration shall be paid by or on behalf of KECO, M&M and/or their insurers to fund periodic payments through the purchase of an annuity for the benefit of Claimant, Guadalupe Arenas Vargas.

- $95,400.00 of the Consideration shall be distributed by or on behalf of KECO, M&M and/or their insurers to GUADALUPE ARENAS VARGAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARTIN REYES.

- $245,600.00 of the Consideration shall be distributed by or on behalf of KECO, M&M and/or their insurers to GUADALUPE ARENAS VARGAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MARTIN REYES and her attorneys for fees and expenses.

- $322,100.00 of the Consideration shall be distributed by or on behalf of KECO, M&M and/or their insurers to GUADALUPE ARENAS VARGAS AS NEXT FRIEND OF Z.M.R.A. and his attorneys for fees and expenses.

- $1,000.00 of the Consideration paid by KECO, M&M and/or their insurers to Z.M.R.A. shall be deposited in an interest bearing money market account, checking account or savings account at U.S. bank for the benefit of Z.M.R.A. and the remainder to their counsel for fees and expenses. This bank account will be established for the sole benefit of Z.M.R.A. and all funds will be used for and on behalf of Z.M.R.A. This account will remain open and active for the lifetime of upfront cash and the periodic payments.

- $56,000 of the Consideration shall be distributed by or on behalf of KECO, M&M and/or their insurers to THE HARTFORD GROUP.

The Court further finds and ORDERS that pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended, Defendants, by and through their insurer, may make a "Qualified Assignment" of the obligation to make the specified periodic payments to its assignee, BHG Structured Settlements, Inc. The assignee shall provide the future periodic payments to Z.M.R.A., a Minor, through the purchase of an annuity contract to be issued by Berkshire Hathaway Life Insurance Company of Nebraska, rated A++ (Superior) by A.M Best Company and AA+ (Extremely Strong) by Standard & Poor's. Berkshire Hathaway Life Insurance Company of Nebraska is licensed to write annuity contracts in Texas, has a minimum of one million dollars of capital and surplus and holds the industry rating equivalent to at least two of the rating organizations as described in the Section 142.009. Berkshire Hathaway Life Insurance Company of Nebraska and the structured settlement terms meet with the requirements of Texas Property Code, Section 142.008 and Section 142.009 for a minor.

It is therefore ORDERED that the Court approves the periodic payments to Z.M.R.A., pursuant to the General Full and Final Settlement, Release and Assignment Agreement, as follows:

Future Periodic Payments:
Payee:            Z.M.R.A.
Date of Birth:    --/--/2002

$ 1,495.00    Payable monthly for twenty-five (25) years guaranteed.

              Benefits commence 05/10/2020, with the last guaranteed payment on 04/10/2045.

$ 15,000.00   Payable semi-annually for four (4) years guaranteed.

              Benefits commence 07/15/2020, with the last guaranteed payment on 01/15/2024.

It is ORDERED that should Z.M.R.A. predecease the guaranteed periodic payments being made in full, then any remaining guaranteed periodic payments shall be made payable to the estate of Z.M.R.A. and this designation is irrevocable.

It is ORDERED that upon completion of the qualified assignment(s), Berkshire Hathaway Life Insurance Company of Nebraska shall be the sole obligor with respect to these future payments, and Defendants and their respective insurers are hereby RELEASED from any and all liability for said future payments.

It is further ORDERED that a reasonable fee for the services and expenses of the Guardian *Ad Litem* in the amount of $ 6,562.50 is hereby awarded for representation of the minor child, Z.M.R.A.

It is further ORDERED that, based upon the parties' representations that the above settlement payments have been paid and the annuities purchased, the Defendants KIEWIT ENGINEERING CO. and MODJESKI AND MASTERS, INC. are hereby forever relieved and discharged of and from any and all liability, claims, demands, causes of action and damages, of

whatever nature asserted or which might have been asserted herein, known or unknown, accrued or to accrue, arising from or in any manner growing out of the occurrence and claims made the basis of Plaintiffs' lawsuit as described in Plaintiffs' Complaints on file herein, and no execution or writ shall ever issue.

It is further ORDERED that all claims Plaintiffs and Intervenor asserted against Defendants KIEWIT ENGINEERING CO. and MODJESKI AND MASTERS, INC. are hereby DISMISSED WITH PREJUDICE from this suit.

It is further ORDERED that all cross claims that have been asserted or could have been asserted by and between Defendants regarding these Plaintiffs are hereby DISMISSED WITH PREJUDICE from this suit.

It is further ORDERED and agreed by the parties, each party will bear its own court costs, attorney's fees and expenses fees incurred in this action.

It is further ORDERED that this is intended to be a final Judgment dismissing all claims with prejudice regarding this lawsuit, and all relief not expressly granted herein is hereby denied.

It is therefore ORDERED that all pending motions in the instant action be terminated and that the Clerk issue a final Judgment dismissing all claims with prejudice.

SIGNED and ENTERED this 25th day of September, 2012.

THE HONORABLE KEITH ELLISON

## AGREED AND ENTRY REQUESTED:

By:_____
     Mr. Anthony G. Buzbee
     Texas State Bar No.: 24001820
     The Buzbee Law Firm
     JP Morgan Chase Tower
     600 Travis Street, Suite 7300
     Houston, Texas 77002
     Telephone: (713) 223-5393
     Facsimile: (713) 223-5909
     COUNSEL FOR GUADALUPE ARENAS VARGAS,
     INDIVIDUALLY, THE ESTATE OF MARTIN REYES
     AND AS NEXT FRIEND OF THE MINOR CHILD
     Z.M.R.A.

By:_____
     David S. Bland
     Texas State Bar No. 00789021
     So. Dist. of Texas Bar No. 32550
     Leblanc Bland PLLC
     1717 St. James Place, Suite 360
     Houston, Texas 77057
     Telephone: (713) 627-7100
     Facsimile: (713) 627-7148
     COUNSEL FOR KIEWIT ENGINEERING CO.

By:_____
     David P. Benjamin
     Texas State Bar No. 02134375
     Benjamin, Vana, Martinez & Biggs, LLP
     2161 NW Military Highway, Suite 111
     San Antonio, TX 78213
     Telephone: (210) 881-0667
     Facsimile: (210) 881-0668
     COUNSEL FOR MODJESKI AND MASTERS, INC.

By: _____

James T. Busenlener
Louisiana State Bar No. 22284
Texas State Bar No. 00792387
701 Poydras Street, Suite 3600
New Orleans, LA 70139-7735
Telephone: (504) 581-2450
Facsimile: (504) 581-2461
COUNSEL FOR THE HARTFORD GROUP